EXHIBIT 1

District 1

## Case Summary

### Case No. 2023CH02104

| | | | |
|---|---|---|---|
| **Tom Sorensen-vs-Bleacher Report, Inc.** | § | Location: | **District 1** |
| | § | Judicial Officer: | **Calendar, 9** |
| | § | Filed on: | **03/02/2023** |
| | § | Cook County Attorney Number: | **43734** |

---

## Case Information

| | |
|---|---|
| Case Type: | Class Actions |
| Case Status: | **03/02/2023  Pending** |

---

## Assignment Information

**Current Case Assignment**

| | |
|---|---|
| Case Number | 2023CH02104 |
| Court | District 1 |
| Date Assigned | 03/02/2023 |
| Judicial Officer | Calendar, 9 |

---

## Party Information

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **Sorensen, Tom** | **Mitchell, Catherine T.** *Retained* |
| **Defendant** | **Bleacher Report, Inc.** | |

---

## Events and Orders of the Court

06/30/2023  **Open Call**  (9:30 AM)  (Judicial Officer: Calendar, 9)
   Resource: Location CH2008 Court Room 2008
   Resource: Location D1 Richard J Daley Center

06/30/2023  *CANCELED* **Case Management**  (9:30 AM)  (Judicial Officer: Calendar, 9)
   Resource: Location CH2008 Court Room 2008
   Resource: Location D1 Richard J Daley Center
   *Stricken*

03/15/2023  
   Continuance - Allowed -    (Judicial Officer: Horan, Cecilia A.)
    Party:  Plaintiff Sorensen, Tom

03/15/2023  **General Chancery Hearing**  (9:00 AM)  (Judicial Officer: Calendar, 9)
   Resource: Location CH2008 Court Room 2008
   Resource: Location D1 Richard J Daley Center

03/07/2023  
   Summons Issued And Returnable
    *Summons to Bleacher Report, Inc.*
    Party:  Plaintiff Sorensen, Tom

03/03/2023  
   Notice Of Motion Filed

03/03/2023  
Motion Filed

**District 1**

## Case Summary

**Case No. 2023CH02104**

*PLAINTIFFS MOTION FOR CLASS CERTIFICATION AND REQUEST FOR DISCOVERY ON CERTIFICATION ISSUES*

03/03/2023     Exhibits Filed
               *Exhibits A-B*

03/02/2023     New Case Filing

03/02/2023     Class Action Complaint Filed
               *CLASS ACTION COMPLAINT*
               Party:   Plaintiff Sorensen, Tom
               Party 2:   Attorney Zouras, James B.

Hearing Date: 6/30/2023 9:30 AM
Location: Court Room 2008
Judge: Calendar, 9

Case: 1:23-cv-02518 Document #: 1-1 Filed: 04/21/23 Page 4 of 85 PageID #:11

FILED
3/2/2023 3:52 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH02104
Calendar, 9
21702592

FILED DATE: 3/2/2023 3:52 PM   2023CH02104

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| **TOM SORENSEN, individually, and on behalf of all others similarly situated,** ) | |
| ) | |
| **Plaintiff,** ) | **2023CH02104** |
| ) | **Case No.** |
| **v.** ) | |
| ) | |
| **BLEACHER REPORT, INC.** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### CLASS ACTION COMPLAINT

Plaintiff Tom Sorensen ("Plaintiff"), individually and on behalf of all other persons similarly situated, files this Class Action Complaint against Defendant Bleacher Report, Inc. ("Defendant" or "Bleacher Report") for violations of the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"). Plaintiff's claims arise from Defendant's practice of knowingly disclosing to a third party, Meta Platforms, Inc. ("Facebook"), data containing Plaintiff's and other digital-subscribers Class Members' (i) personally identifiable information or Facebook ID ("FID") and (ii) the computer file containing video and its corresponding URL viewed ("Video Media") (collectively, "Personal Viewing Information"). Plaintiff's allegations are made on personal knowledge as to Plaintiff and Plaintiff's own acts and upon information and belief as to all other matters.

### NATURE OF THE ACTION

1.     This is a consumer privacy action against Bleacher Report, Inc. for violating the VPPA by disclosing its digital subscribers' identities and Video Media to Facebook without proper consent.

FILED DATE: 3/2/2023 3:52 PM   2023CH02104

2.      The VPPA prohibits "video tape service providers," such as Bleacher Report, from knowingly disclosing consumers' personally identifiable information, including "information which identifies a person as having requested or obtained specific video materials or services from a video tape provider," without express consent in a standalone consent form.

3.      Like other businesses with an online presence, Defendant collects and shares the personal information of visitors to its website and mobile application ("App") with third parties. Defendant does this through cookies, software development kits ("SDK"), and pixels. In other words, digital subscribers to Bleacher Report have their personal information disclosed to Defendant's third-party business partners.

4.      Bleacher Report collects and shares subscribers' personal information using a "Facebook Pixel." A Facebook Pixel is a snippet of programming code that, once installed on a webpage or mobile application, tracks users as they navigate through a website or app and sends information regarding the user's activity to Facebook.

5.      In this case, the information shared with Facebook includes the title of the video the subscriber watched, and most notably, the subscribers' FID. A user's FID is linked to their Facebook profile, which generally contains a wide range of demographic and other information about the user, including pictures, personal interest, work history, relationship status, and other details.

6.      Importantly, Bleacher Report discloses the subscriber's FID and viewed prerecorded Video Media to Facebook together in a single transmission. This occurs even when the digital subscriber has not shared (nor consented to share) such information. Because the subscriber's FID uniquely identifies an individual's Facebook user account, Facebook—or any other ordinary person—can use it to quickly and easily locate, access, and view subscriber's

2

FILED DATE: 3/2/2023 3:52 PM   2023CH02104

Facebook profile. In other words, the Facebook Pixel allows Facebook to know what Video Media one of its users has viewed on Bleacher Report's digital platforms.

7.      Bleacher Report subscribers do not consent to the dissemination of their viewed Video Media to a third party through a standalone consent form, as required by the VPPA. As a result, Bleacher Report violates the VPPA by disclosing this information to Facebook.

8.      Defendant chose to disregard Plaintiff's and hundreds of thousands of other Bleacher Report subscribers' statutorily protected privacy rights by releasing their sensitive data to Facebook. Accordingly, Plaintiff brings this class action for legal and equitable remedies to redress and put a stop to Defendant's practices of intentionally disclosing its subscribers' Personal Viewing Information to Facebook in knowing violation of VPPA.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over Defendant pursuant to 735 ILCS 5/2-209, because Defendant conducts business in Illinois and committed the statutory violations alleged herein in Illinois. Additionally, this Court has jurisdiction over Plaintiff because he is a resident of the state of Illinois.

10.     Additionally, this matter cannot be removed to federal court, as Defendant has previously averred that there is not Article III subject matter jurisdiction.

11.     Venue is proper in Cook County because Defendant conducts business in this State, conducts business transactions in Cook County, and committed the statutory violations alleged herein in Cook County, Illinois.

## THE PARTIES

12.     Plaintiff Tom Sorensen is a natural person and a citizen of the State of Illinois. Plaintiff has visited BleacherReport.com since at least 2015 and upon information and belief

3

FILED DATE: 3/2/2023 3:52 PM   2023CH02104

became a digital subscriber at or around that time. Plaintiff has had a Facebook account from approximately October 2011 to the present. During the relevant time period, he has used his BleacherReport.com digital subscription to view prerecorded Video Media through BleacherReport.com while logged into his Facebook account. By doing so, Plaintiff's Personal Viewing Information was disclosed to Facebook pursuant to the systematic process described herein. Plaintiff never gave Defendant express written consent to disclose his Personal Viewing Information.

13.     Defendant Bleacher Report, Inc.:

  a.  Bleacher Report, Inc. is a Delaware corporation with its principal place of business at 153 Kearny Street, San Francisco, California, 94108.

  b.  BleacherReport.com receives more than 60 million unique monthly visitors.[1]

  c.  BleacherReport.com includes a Videos section which provides a broad selection of prerecorded video content.

  d.  BleacherReport.com is used by numerous U.S. digital media viewers.

  e.  Through BleacherReport.com and its accompanying App, Defendant delivers and, indeed, is in the business of delivering countless hours of prerecorded video content to its digital subscribers.

**FACTUAL BACKGROUND**

**I.      Bleacher Report, Inc.'s Digital Subscriptions**

14.     Defendant owns and operates a www.bleacherreport.com, a website geared towards providing articles, podcasts, and video content to users, on sport and sports culture. It also offers an App available for download on Android and iPhone devices.

---

[1] *See* "Bleacher Report Hits a Home Run with Microservices and New Relic" *available at* https://newrelic.com/customers/bleacher_report#:~:text=Founded%20in%202007%2C%20Bleac her%20Report,sports%20website%20in%20the%20world. (last accessed October 6, 2022)

FILED DATE: 3/2/2023 3:52 PM    2023CH02104

15.     In order to post any "User Content" or access certain features on Bleacher Report's website or App, users of the website or App must register for an account with Bleacher Report.[2]

16.     To register for a Bleacher Report account, users provide their personal information, including but not limited to their name and phone number.

17.     Bleacher Report also offers subscriptions to several online newsletters. To register for a newsletter, Bleacher Report users provide their personal information, including but not limited to their email address.

18.     On information and belief, all subscribers provide Defendant with their IP address, which is a unique number assigned to all information technology connected devices, that informs Defendant as to subscribers' city, zip code and physical location.

19.     Subscribers may provide to Defendant the identifier on their mobile devices and/or cookies stored on their devices.

20.     When opening a Bleacher Report account or subscribing to a newsletter, Defendant does not disclose to its subscribers that it will share their Personal Viewing Information with third parties, such as Facebook. Subscribers are also not asked to consent to such information sharing upon opening an account.

21.     After becoming a subscriber, viewers have access to a variety of prerecorded Video Media on Defendant's digital platforms.

22.     Notably, once a subscriber signs in and watches prerecorded Bleacher Report Video Media, the subscriber is not provided with any notification that their Personal Viewing Information is being shared. Similarly, Defendant also fails to obtain subscribers' written consent to collect

---

[2] *See* Terms of Use, *available at* https://bleacherreport.com/pages/terms.

FILED DATE: 3/2/2023 3:52 PM   2023CH02104

their Personal Viewing Information "in a form distinct and separate from any form setting forth other legal or financial obligations of the consumer," as the VPPA requires.

**II.     Defendant Admits It Collects and Discloses Personal Viewing Information of Digital Subscribers to Third Parties.**

23.     The operative Privacy Policy for BleacherReport.com states that it collects "Information about your use of, or participation in an Offering" from its users including:

> "information about whether you have opened an email we have sent you, how you (including any account you use) interact with a Digital Service, content that you have viewed or posted, advertisements you have interacted with, games you have played and the level you reached, your preferences and interest in and use of various features, programs, services and content available on a Digital Service. This may also include demographic information, including at an individual or household level."[3]

24.     Defendant's Privacy Policy further states that Bleacher Report, third party service providers, and partners:

> "may use 'cookies' or similar technologies, such as pixels and SDKs to (i) provide, develop, maintain, personalize, protect, and improve our Digital Services and their content (ii) perform analytics, including to analyse [sic] and report on usage and performance of our Digital Services and any advertisements displayed on or delivered by or through them (iii) protect against, identify, and prevent fraud and other unlawful activity (iv) create aggregate data about groups or categories of our users (including advertising audiences), and (v) for us, our partners and third party service providers to deliver, target, offer, market, or personalise [sic] advertising relating to our Offerings or the offerings of our clients and partners (including limiting how often you see an advertisement)."

25.     Importantly however, the VPPA requires that consent be obtained in a form "distinct and separate from any form setting forth other legal or financial obligations of the consumer." 18 U.S.C. § 2710. Subscribers to Bleacher Report are not given a standalone or any consent form disclosing Defendant's practices at issue and requesting subscriber consent. Hence,

---

[3] *See* https://www.warnermediaprivacy.com/policycenter/b2c/en-row/

no subscriber has consented to Bleacher Report's offending practice of sharing video preferences with third parties.

### III. How Defendant Disseminates Subscribers' Personal Viewing Information

#### A. Tracking Pixels

26. Websites and apps use Facebook's pixel and SDK to collect information about users' devices and activities and send that to Facebook. Facebook then uses that information to show the user targeted ads.

27. The Facebook tracking pixel, also known as a "tag" or "web beacon" among other names, is an invisible tool that tracks consumers' actions on Facebook advertisers' websites and reports them to Facebook. It is a version of the social plugin that gets "rendered" with code from Facebook. To obtain the code for the pixel, the website owner tells Facebook which website events it wants to track (e.g., Video Media) and Facebook returns corresponding Facebook pixel code for the advertiser to incorporate into its website.

28. Facebook benefits from websites like Bleacher Report installing its Pixel. When the Pixel is installed on a business's website, the business has a greater incentive to advertise through Facebook or other Meta-owned platforms, like Instagram. In addition, even if the business does not advertise with Facebook, the Pixel assists Facebook in building more fulsome profiles of its own users, which in turn allows Facebook to profit from providing more targeted ads. The Pixel is installed on websites all over the internet and, accordingly, provides Facebook with information about its users' preferences, other distinguishing traits, and web-browsing activities outside of Meta-owned platforms.

29. Using the Facebook pixel likewise benefits Bleacher Report by improving its ability to promote its content and services to its subscribers.

FILED DATE: 3/2/2023 3:52 PM    2023CH02104

7

FILED DATE: 3/2/2023 3:52 PM   2023CH02104

30.     Defendant installed the Facebook tracking pixel, which enables it to disclose Plaintiff's and Class Members' Personal Viewing Information to Facebook, because it benefits financially from the advertising and information services that stem from use of the pixel. When a Bleacher Report subscriber enters the website or App and watches prerecorded Video Media, the website or App sends to Facebook certain information about the viewer, including, but not limited to, their identity and the media content the digital subscriber watched. Specifically, Bleacher Report sends to Facebook the video content name, its URL, and, most notably, the viewers' Facebook ID.

**B. Facebook ID ("FID")**

31.     An FID is a unique and persistent identifier that Facebook assigns to each user. With it, any ordinary person can look up the user's Facebook profile and name. When a Facebook user with one or more personally identifiable FID cookies on their browser views prerecorded Video Media from Bleacher Report on the website or App, Bleacher Report, through its website code, compels the users' browser to transmit the digital subscriber's identity and viewed Video Media to Facebook. This transmission is not the digital subscriber's decision, but results from Defendant's purposeful use of its Facebook tracking pixel by incorporation of that pixel and code into Bleacher Report's website or App. Defendant could easily program the website and App so that this information is not automatically transmitted to Facebook when a subscriber views prerecorded Video Media. However, it is not Defendant's financial interest to do so because it benefits financially by providing this highly sought-after information.

32.     Notably, while Facebook can easily identify any individual on its Facebook platform with only their unique FID, so too can any ordinary person who comes into possession of an FID. Facebook admits as much on its website. Indeed, ordinary persons who come into

8

FILED DATE: 3/2/2023 3:52 PM    2023CH02104

possession of the FID can connect to any Facebook profile. Simply put, with only an FID and the video content name and URL—all of which Defendant knowingly and readily provides to Facebook without any consent from the digital subscribers—any ordinary person could learn the identity of the digital subscriber and the specific video or media content they requested from Bleacher Report.

33.     At all relevant times, Defendant knew that the Facebook pixel disclosed Personal Viewing Information to Facebook. This was evidenced from, among other things, the functionality of the pixel, including that it enabled Bleacher Report's website and accompanying App to show targeted advertising to its digital subscribers based on the products those digital subscribers had previously viewed on the website, including Video Media consumption, for which Defendant received financial remuneration.

## IV.    Defendant Unlawfully Discloses Its Subscribers' Personal Viewing Information to Facebook.

34.     Defendant maintains a vast digital database comprised of its digital subscribers' Personal Viewing Information, including the names and e-mail addresses of each digital subscriber and information reflecting the Video Media that each of its digital subscribers viewed.

35.     Defendant is not sharing anonymized, non-personally identifiable data with Facebook. To the contrary, the data it discloses is tied to unique identifiers that track specific Facebook users. Importantly, the recipient of the Personal Viewing Information—Facebook—receives the Personal Viewing Information as one data point. Defendant has thus monetized its database by disclosing its digital subscribers' Personal Viewing Information to Facebook in a manner allowing it to make a direct connection—without the consent of its digital subscribers and to the detriment of their legally protected privacy rights.

FILED DATE: 3/2/2023 3:52 PM   2023CH02104

36.     Critically, the Personal Viewing Information Defendant discloses to Facebook allows Facebook to build from scratch or cross-reference and add to the data it already has in their own detailed profiles for its own users, adding to its trove of personally identifiable data.

37.     These factual allegations are corroborated by publicly available evidence. For instance, as shown in the screenshot below, a user visits Bleacher Report's website and clicks on a video titled "Taylor Rooks X Bradley Beal".



*Pictured above: The video titled "Taylor Rooks X Bradley Beal"*
*(taken from BleacherReport.com on or about October 6, 2022).*

38.     As demonstrated below, once the user clicks on and watches the video, Bleacher Report sends to Facebook the content name of the video the subscriber watched, the URL, the subscriber's FID, and indicates that the subscriber has played the video.

10

FILED DATE: 3/2/2023 3:52 PM   2023CH02104



*HTTP single communication session sent from BleacherReport.com to Facebook, reveals the video name, URL, and the viewer's FID (c_user field)*

39.     As a result of Defendant's data compiling and sharing practices, Defendant has knowingly disclosed to Facebook for its own personal profit the Personal Viewing Information of Defendant's digital subscribers, together with additional sensitive personal information.

40.     Defendant does not seek its digital subscribers' prior written consent to the disclosure of their Personal Viewing Information (in writing or otherwise) and its subscribers remain unaware that their Personal Viewing Information and other sensitive data is being disclosed to Facebook.

41.     By disclosing its digital subscribers Personal Viewing Information to Facebook – which undeniably reveals their identity and the specific video materials they requested from Defendant's website – Defendant has intentionally and knowingly violated the VPPA.

11

FILED DATE: 3/2/2023 3:52 PM   2023CH02104

### V.    Plaintiff's Experience

42.    Plaintiff Tom Sorensen has been subscribed to a Bleacher Report account since at least 2015. Plaintiff became a subscriber of Bleacher Report by providing his name, email address, and any cookies associated.

43.    Plaintiff has subscribed to several of Bleacher Report's online newsletters since at least October of 2022.

44.    Plaintiff has had a Facebook account since approximately May of 2011. From at least 2015 to the present, Plaintiff viewed prerecorded Video Media via Bleacher Report's website.

45.    Plaintiff never consented, agreed, authorized, or otherwise permitted Defendant to disclose his Personal Viewing Information to Facebook. Plaintiff has never been provided written notice that Defendant discloses its digital subscribers' Personal Viewing Information, or any means of opting out of such disclosures of his Personal Viewing Information. Defendant nonetheless knowingly disclosed Plaintiff's Personal Viewing Information to Facebook.

46.    Because Plaintiff is entitled by law to privacy in his Personal Viewing Information, Defendant's disclosure of his Personal Viewing Information deprived Plaintiff of the full set of benefits to which he is entitled. Plaintiff did not discover that Defendant disclosed his Personal Viewing Information to Facebook until October 2022.

### CLASS ACTION ALLEGATIONS

47.    Plaintiff brings this action pursuant to 735 ILCS 5/2-801 on behalf of himself and a Class of similarly situated individuals, defined as follows (the "Class"):

> All persons in the United States with a digital subscription to an online website or newsletter owned and/or operated by Defendant that had their Personal Viewing Information disclosed to Facebook by Defendant.

12

FILED DATE: 3/2/2023 3:52 PM   2023CH02104

48.     Excluded from the Class are Defendant, their past or current officers, directors, affiliates, legal representatives, predecessors, successors, assigns and any entity in which any of them have a controlling interest, as well as all judicial officers assigned to this case as defined by 28 USC § 455(b) and their immediate families.

49.     This action is properly maintained as a class action under 735 ILCS 5/2-801 because:

A.      The class is so numerous that joinder of all members is impracticable;

B.      There are questions of law or fact that are common to the class;

C.      The claims of the Plaintiff are typical of the claims of the class; and,

D.      The Plaintiff will fairly and adequately protect the interests of the class.

**Numerosity**

50.     Members of the Class are so numerous and geographically dispersed that joinder of all members of the Class is impracticable. Plaintiff believes that there are hundreds of thousands of members of the Class widely dispersed throughout the United States. Class members can be identified from Defendant's records and non-party Facebook's records.

**Typicality**

51.     There is a well-defined commonality of interest in the substantial questions of law and fact concerning and affecting the Class in that Plaintiff and all members of the Class have been harmed by Bleacher Report's failure to comply with the VPPA. The common questions of law and fact include, but are not limited to the following:

A.      Whether Defendant knowingly disclosed Class members' Personal Viewing Information to Facebook;

B.      Whether the information disclosed to Facebook concerning Class members' Personal Viewing Information constitutes personally identifiable information under the VPPA;

FILED DATE: 3/2/2023 3:52 PM   2023CH02104

C.      Whether Defendant's disclosure of Class members' Personal Viewing Information to Facebook was knowing under the VPPA;

D.      Whether Class members consented to Defendant's disclosure of their Personal Viewing Information to Facebook in the manner required by 18 U.S.C. § 2710(b)(2)(B); and

E.      Whether the Class is entitled to damages as a result of Defendant's conduct.

52.     Plaintiff anticipates that Bleacher Report will raise defenses that are common to the class.

## Adequacy

53.     Plaintiff will fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiff and the class members. Plaintiff, moreover, has retained experienced counsel that are competent in the prosecution of complex litigation and who have extensive experience acting as class counsel.

## Typicality

54.     Plaintiff's claims are typical of the claims of members of the Class. Plaintiff and members of the Class were harmed by the same wrongful conduct by Defendant in that Defendant caused Personal Viewing Information to be disclosed to Facebook without obtaining express written consent. His claims are based on the same legal theories as the claims of other Class members.

## Predominance and Superiority

55.     The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual class members. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number

14

FILED DATE: 3/2/2023 3:52 PM   2023CH02104

of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

56.     Additionally, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Bleacher Report and/or substantially impair or impede the ability of class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

## **FIRST CAUSE OF ACTION**

### **Violation of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710**

57.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

58.     The VPPA prohibits a "video tape service provider" from knowingly disclosing "personally-identifying information" concerning any consumer to a third-party without the "informed, written consent (including through an electronic means using the Internet) of the consumer." 18 U.S.C. § 2710.

59.     As defined in 18 U.S.C. § 2710(a)(4), a "video tape service provider" is "any person, engaged in the business, in or affecting interstate commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audiovisual materials."

FILED DATE: 3/2/2023 3:52 PM   2023CH02104

60.     Defendant is a "video tape service provider" as defined in 18 U.S.C. § 2710(a)(4) because it engaged in the business of delivering audiovisual materials that are similar to prerecorded video cassette tapes and those sales affect interstate or foreign commerce.

61.     As defined in 18 U.S.C. § 2710(a)(3), "personally-identifiable information" is defined to include "information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider."

62.     Defendant knowingly caused Personal Viewing Information, including FIDs, concerning Plaintiff and Class members to be disclosed to Facebook. This information constitutes personally identifiable information under 18 U.S.C. § 2710(a)(3) because it identified each Plaintiff and Class member to Facebook as an individual who viewed Bleacher Report's prerecorded Video Media, including the specific video materials requested from the website.

63.     As defined in 18 U.S.C. § 2710(a)(1), a "consumer" means "any renter, purchaser, or subscriber of goods or services from a video tape service provider." As alleged in the preceding paragraphs, Plaintiff subscribed to Bleacher Report's newsletter that provides prerecorded Video Media content to the digital subscriber's desktop, tablet, and mobile device. Plaintiff is thus a "consumer" under this definition.

64.     As set forth in 18 U.S.C. § 27109(b)(2)(B), "informed, written consent" must be (1) in a form distinct and separate from any form setting forth other legal or financial obligations of the consumer; and (2) at the election of the consumer, is either given at the time the disclosure is sought or given in advance for a set period of time not to exceed two years or until consent is withdrawn by the consumer, whichever is sooner." Defendant failed to obtain informed, written consent under this definition.

16

FILED DATE: 3/2/2023 3:52 PM    2023CH02104

65.     In addition, the VPPA creates an opt-out right for consumers in 18 U.S.C. § 2710(2)(B)(iii). It requires video tape service providers to also "provide[] an opportunity for the consumer to withdraw on a case-by-case basis or to withdraw from ongoing disclosures, at the consumer's election." Defendant failed to provide an opportunity to opt out as required by the VPPA.

66.     By disclosing Plaintiff's and the Class's Personal Viewing Information, Defendant violated Plaintiff's and the Class members' statutorily protected right to privacy in their video-watching habits. *See* 18 U.S.C. § 2710(c).

67.     As a result of the above violations, Defendant is liable to the Plaintiff and other Class members for actual damages related to their loss of privacy in an amount to be determined at trial or alternatively for "liquidated damages not less than $2,500 per plaintiff." Under the statute, Defendant is also liable for reasonable attorney's fees, and other litigation costs, injunctive and declaratory relief, and punitive damages in an amount to be determined by a jury, but sufficient to prevent the same or similar conduct by the Defendant in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Tom Sorensen respectfully requests that this Court enter and Order:

A.      Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff Tom Sorensen as Class Representative, and appointing Stephan Zouras, LLP as Class Counsel;

B.      Declaring that Bleacher Report, Inc.'s actions, as set forth above, violate the VPPA, 18 U.S.C. § 2710(c)(2)(D);

C.      Awarding statutory damages of $2,500 to Plaintiff and each Class member, as provided by the VPPA, 18 U.S.C. § 2710(c)(2)(A);

D.      Awarding punitive damages, as warranted, in an amount to be determined at trial, 18 U.S.C. § 2710(c)(2)(B);

FILED DATE: 3/2/2023 3:52 PM   2023CH02104

E.      Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class;

F.      Awarding Plaintiff and the Class their reasonable attorneys' fees and other litigation expenses, 18 U.S.C. § 2710(c)(2)(C);

G.      Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable;

H.      Awarding such other and further relief as equity and justice may require.

Date:   March 2, 2023                Respectfully Submitted,

                                            */s/ Ryan F. Stephan*
                                            Ryan F. Stephan
                                            James B. Zouras
                                            Catherine Mitchell
                                            **STEPHAN ZOURAS, LLP**
                                            100 N. Riverside Plaza, Suite 2150
                                            Chicago, Illinois 60606
                                            312.233.1550
                                            312.233.1560 *f*
                                            rstephan@stephanzouras.com
                                            jzouras@stephanzouras.com
                                            cmitchell@stephanzouras.com
                                            Firm ID: 43734

                                            Brandon M. Wise – IL Bar # 6319580
                                            Adam Florek – IL Bar # 6320615
                                            **PEIFFER WOLF CARR**
                                            **KANE CONWAY & WISE, LLP**
                                            73 W. Monroe, 5th Floor
                                            Chicago, IL 60604
                                            T: 312-444-0734
                                            bwise@peifferwolf.com
                                            aflorek@peifferwolf.com

                                            **ATTORNEYS FOR PLAINTIFF**

18

FILED DATE: 3/2/2023 3:52 PM   2023CH02104

## **CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on March 2, 2023, I filed the attached with the Clerk of

the Court using the electronic filing system which will send such filing to all attorneys of record.


*/s/ Ryan F. Stephan*


19

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

# EXHIBIT A

FILED
3/3/2023 2:20 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH02104
Calendar, 9
21719506

DocuSign Envelope ID: 75369545-3572-4B6C-9089-AC7EB0D0EA95

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| **TOM SORENSEN, individually, and** | ) | |
| **on behalf of all others similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.**  2023CH02104 |
| **v.** | ) | |
| | ) | |
| **BLEACHER REPORT, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

<u>**AFFIDAVIT OF TOM SORENSEN**</u>

I, Tom Sorensen, being first duly cautioned, swear, and affirm as follows:

1. I am over the age of 18 and competent to testify.

2. I am the Named Plaintiff and proposed Class Representative in this case.

3. I understand what it means to be a class representative. As a class representative, I am looking out for the interests of the other class members.

4. I do not have any conflicts with the class members because they were treated like I was with respect to this lawsuit. I have their interests in mind, as well as my own, in bringing this lawsuit

FURTHER YOUR AFFIANT SAYETH NOT.

Date: _3/3/2023_

DocuSigned by:

_____
945027DB285D4D8...
Tom Sorensen

*FILED DATE: 3/3/2023 2:20 PM   2023CH02104*

# EXHIBIT B

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| **TOM SORENSEN, individually, and** ) | |
| **on behalf of all others similarly situated,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 2023CH02104** |
| **v.** ) | |
| ) | |
| **BLEACHER REPORT, INC.** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

<u>**AFFIDAVIT OF RYAN F. STEPHAN**</u>

I, Ryan F. Stephan, being first duly cautioned, swear, and affirm as follows:

1. I am one of Plaintiff's Counsel in the above-referenced matter.

2. I submit this Affidavit in support of Plaintiffs' Motion for Class Certification and Request for Discovery on Certification Issues.

3. I am a founding Partner of the law firm of Stephan Zouras, LLP. Attached hereto as Exhibit B-1 is a true and correct copy of the firm's resume.


FURTHER YOUR AFFIANT SAYETH NOT.


Date: March 3, 2023                    */s/ Ryan F. Stephan*
                                       Ryan F. Stephan

# EXHIBIT B-1

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

# FIRM RESUME



## STEPHAN ZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

**Fighting for the Rights
of People.** Driven by Justice.
Dedicated to **You**.

FILED DATE: 3/3/2023 2:20 PM   2023CH02104



# STEPHANZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## FIRM PROFILE

**STEPHAN ZOURAS, LLP** is a nationwide law firm that has helped recover more than **$500 million** for people in groundbreaking class and collective actions.



**Stephan Zouras, LLP** has "substantial class action experience [and] have secured multi-million-dollar class recoveries...."

*Bhattacharya v. Capgemini North America, Inc*., 324 F.R.D. 353, 363 (N.D. Ill. 2018) (Kennelly, J.)



# STEPHANZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

## FIRM PROFILE

**STEPHAN ZOURAS, LLP** is a national law firm representing plaintiffs in complex class and individual litigation matters. Our diverse team of professionals are widely recognized for their vigorous advocacy, skill, integrity and experience litigating wage and hour and other employment disputes, consumer protection, privacy, cybersecurity, mass torts and catastrophic personal injury, products liability and other complex litigation.

Federal and state courts routinely appoint our attorneys as lead counsel in high-stakes, groundbreaking, rapidly-developing areas with far-reaching impact. We try cases to verdict. We help establish favorable precedent for employees and consumers on appeal. And outside the courtroom, our attorneys testify before legislative bodies and work on legislation designed to protect worker's rights.

Our Chicago-based firm is recognized for its leadership, its zealous, thorough and efficient prosecution of class actions, and for achieving outstanding results at both the trial and appellate levels throughout the United States.

We represent hard working people from all walks of life who deserve the protections our laws provide to prevent corporate abuse, injustice and greed.

FILED DATE: 3/3/2023 2:20 PM   2023CH02104



# STEPHANZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## OUR STORY

When Ryan and Jim founded **Stephan Zouras, LLP**, in 2007, they had a vision. They wanted to create a law firm that *empowers* individuals to band together to take on wealthy and powerful corporations who shirk the law and take advantage of employees and consumers.

Today, that vision is a REALITY.

### EXPERIENCE

Not only are we passionate about what we do, we know what we are doing. Collectively, our firm has several decades of experience litigating in federal and state courts throughout the United States. We have established *groundbreaking* and precedent-setting court decisions, including securing a major decision for employees at the United States Supreme Court in 2022, and forced major corporations to change unlawful employment practices and make safer products.

### DEDICATION

Because we love what we do, we don't cut corners. We will review your claim (at no cost), provide prompt feedback and determine next steps. If we choose to pursue your case, we will drive your case to the best desirable outcome, all while keeping you informed at every step of the way. We don't get paid unless we win. And if we can't help, we will try to find you someone who can.

### REPUTATION

We are known throughout the legal community as among the most skilled and qualified practitioners in the field. But some of our proudest accolades come from our clients.



# STEPHANZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

FILED DATE: 3/3/2023 2:20 PM 2023CH02104

## PRINCIPAL ATTORNEYS



### JAMES B. ZOURAS

is a founding partner of Stephan Zouras, LLP. Dedicating his entire professional career to combating corporate abuse and injustice, Jim has helped recover hundreds of millions in individual and class actions arising under the federal and state wage and hour laws, biometric privacy and other complex litigation, along with wrongful death and other catastrophic personal injury actions.

He has successfully tried over a dozen major jury trials and argued approximately 20 appeals as lead appellate counsel before federal and state appellate courts, including the Illinois Supreme Court. Jim is frequently invited as a speaker at national class action and trial seminars. In addition to his admission to numerous trial and appellate courts, Jim is a member of the bar of the Supreme Court of the United States.

Jim and his cases have been profiled by numerous media outlets including the Chicago Tribune, the Chicago Sun-Times, WVON Radio, Bloomberg BNA, Billboard Magazine, TMZ and CBS Consumer Watch.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- ESTABLISHED ENDOWED SCHOLARSHIP FUND AT UNIVERSITY OF ILLINOIS AT CHICAGO; 2021
- INVITED SPEAKER AT NATIONAL EMPLOYMENT LAWYERS ASSOCIATION (IL); 2021
- INVITED SPEAKER AT ILLINOIS INSTITUTE FOR CONTINUING LEGAL EDUCATION; 2018-2022
- INVITED SPEAKER AT ILLINOIS STATE BAR ASSOCIATION; 2018-2019
- INVITED SPEAKER AT ILLINOIS TRIAL LAWYERS ASSOCIATION; 2016
- INVITED SPEAKER AT THE CHICAGO BAR ASSOCIATION; 2008 AND 2016
- INVITED SPEAKER AT THE PRACTICING LAW INSTITUTE; 2012 AND 2015
- INVITED SPEAKER AT THE BRIDGEPORT CONTINUING EDUCATION WAGE AND HOUR SEMINAR; 2012 AND 2014
- EDITOR, ILLINOIS WAGE HOUR TREATISE; 2022
- CONTRIBUTING AUTHOR, AMERICAN BAR ASSOCIATION FEDERAL LABOR STANDARDS LEGISLATION SUBCOMMITTEE, MIDWINTER REPORT; 2016
- HELLENIC BAR ASSOCIATION OF ILLINOIS; 2001-PRESENT



# STEPHANZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

## PRINCIPAL ATTORNEYS

- ILLINOIS SUPER LAWYER; 2009-PRESENT
- ILLINOIS TRIAL LAWYERS ASSOCIATION; 1997-PRESENT
- ILLINOIS TRIAL LAWYERS ASSOCIATION, BOARD OF MANAGERS; 2022-2023
- ILLINOIS STATE BAR ASSOCIATION; 1997-PRESENT
- NATIONAL EMPLOYMENT LAWYERS ASSOCIATION; 2007-PRESENT
- PUBLIC JUSTICE FOUNDATION; 2018-PRESENT
- CHICAGO FOOD PANTRY VOLUNTEER
- SHIRLEY RYAN ABILITYLAB VOLUNTEER

## EDUCATION

- DEPAUL UNIVERSITY COLLEGE OF LAW, J.D. WITH HONOR, ORDER OF THE COIF, [1995]
- UNIVERSITY OF ILLINOIS CHICAGO, POLITICAL SCIENCE, WITH DISTINCTION [1992]

FILED DATE: 3/3/2023 2:20 PM   2023CH02104



# STEPHANZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## PRINCIPAL ATTORNEYS



### RYAN F. STEPHAN

is a founding principal of Stephan Zouras, LLP.  Throughout his career, Ryan has been a passionate advocate for worker and consumer rights, and has helped hundreds of thousands of everyday people recover damages in unpaid overtime, privacy claims, employment disputes, business litigation, products liability and personal injury cases.  Ryan has successfully tried cases to verdict including obtaining a $9,000,000 verdict on behalf of 200 employees who were misclassified and denied overtime pay.

Ryan has also served as lead or co-lead counsel on hundreds of complex class and collective action cases involving privacy issues, wage and hour matters and consumer fraud claims, amongst others, and has helped recover over $250 Million for hundreds of thousands of people. In these cases, Ryan has helped establish precedent in both privacy and wage and hour law, forced major corporations to change unlawful employment practices and helped recover hundreds of millions of dollars for his clients.

Ryan and his cases have been profiled by numerous media outlets including Good Morning America, Fortune, ESPN, Fox News, The Guardian, The New York Times, Think Progress, USA Today and Vice Sports.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- AMERICAN ASSOCIATION FOR JUSTICE; 2020-PRESENT
- AMERICAN BAR ASSOCIATION; 2007-PRESENT
- CHICAGO LIGHTS TUTOR; 2009-2010
- CHICAGO CARES TUTOR; 2008-2009
- FEED MY STARVING CHILDREN VOLUNTEER; 2014-2015
- ILLINOIS STATE BAR ASSOCIATION; 2000-PRESENT
- ILLINOIS TRIAL LAWYERS ASSOCIATION; 2021-PRESENT
- ILLINOIS TRIAL LAWYERS ASSOCIATION BOARD OF ADVOCATES; 2022-PRESENT
- PUBLIC JUSTICE FOUNDATION; 2018-PRESENT

## EDUCATION

- CHICAGO KENT COLLEGE OF LAW, J.D., [2000]
- UNIVERSITY OF ILLINOIS URBANA CHAMPAIGN, B.A., POLITICAL SCIENCE, [1996]



# STEPHANZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## PRINCIPAL ATTORNEYS

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

Ryan and Jim are admitted to the Supreme Court of the United States, the United States Court of Appeals for the First, Third and Seventh Circuits, and the Trial Bar of the United States District Court for the Northern District of Illinois. Ryan and Jim are admitted to practice in the Northern, Central and Southern Districts of Illinois, the United States Bankruptcy Court for the Northern District of Illinois, and are generally admitted to practice in the District Court of Colorado, the Eastern District of Michigan and the Eastern District of Wisconsin.

In addition, they have been admitted pro hac vice in the United States District Courts for the District of Alaska, the District of Arizona, the District of Columbia, the Northern, Central and Southern Districts of California, the Superior Court for the State of California, the District Court of Columbia, the Northern, Middle and Southern Districts of Florida, the Northern District of Georgia, the Southern District of Indiana, the Northern and Southern Districts of Iowa, the Western District of Kentucky, the District Court of Maryland, the District Court of Massachusetts, the District Court of Minnesota, the Eastern and Western Districts of Missouri, the District Court of New Mexico, the Southern and Eastern Districts of New York, the District Court of New Jersey, the Eastern and Middle Districts of Pennsylvania, the First Judicial District of Pennsylvania, the Eastern, Middle and Western Districts of North Carolina, the Southern District of Ohio, the District Court of Oregon, the Eastern and Middle Districts of Pennsylvania, the Middle District of Tennessee, the Northern and Southern Districts of Texas, and the Western District of Washington.

In every consecutive year since 2009, Chicago Magazine's Super Lawyer Section selected both Jim and Ryan as two of the top attorneys in Illinois, a distinction given to no more than 5% of the lawyers in the state.



# STEPHANZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

FILED DATE: 3/3/2023 2:20 PM 2023CH02104

## PARTNERS



### ANDREW C. FICZKO

A tireless fighter for working people, Andy has spent his entire professional career focusing on Employment Litigation and has represented thousands of employees in class, collective and individual actions nationwide and has recovered hundreds of thousands of dollars in unpaid minimum wages, overtime compensation, and other benefits.

Andy has been recognized by Chicago Magazine's Super Lawyers section as a Rising Star and Super Lawyer for eight consecutive years, a distinction given to no more than 5% of Illinois lawyer. Andy served as the second chair in two major federal jury trials to verdict on behalf of Plaintiffs in wage and hour matters and one state jury trial to verdict on behalf of Plaintiffs in a breach of contract matter.

Andy is admitted to the United States Supreme Court, the United States District Court for the Seventh Circuit, the United States Bankruptcy Court for the Northern District of Illinois, the Trial Bar of the United States District Court for the Northern District of Illinois, and is generally admitted to the District Court of Colorado. Andy has been admitted pro hac vice to the District of Alaska, the Central and Northern Districts of California, the District of Columbia, the Northern District of Georgia, the Southern District of Indiana, the Northern and Southern Districts of Iowa, the District of Massachusetts, the Western District of Missouri, the Southern District of New York, the Middle and Western Districts of North Carolina, the Southern District of Ohio, the Eastern and Middle Districts of Pennsylvania, the Northern and Southern Districts of Texas, and the Western District of Washington.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- CHICAGO BAR ASSOCIATION; 2009-PRESENT
- ILLINOIS STATE BAR ASSOCIATION; 2009-PRESENT
- ILLINOIS TRIAL LAWYERS ASSOCIATION; 2021-PRESENT
- NORTHERN DISTRICT OF ILLINOIS TRAIL BAR ASSOCIATION; 2010-PRESENT
- CHICAGO FOOD PANTRY VOLUNTEER; 2012

## EDUCATION

- DRAKE UNIVERSITY LAW SCHOOL, J.D., [2009]
- LAFAYETTE COLLEGE, B.S., PSYCHOLOGY, [2002]



# STEPHANZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

## PARTNERS



### TERESA M. BECVAR

A steadfast advocate for individual rights, Teresa has helped thousands of clients hold corporations accountable in employment and consumer protection cases. Teresa has extensive experience in a wide range of employment cases, including wage and hour class and collective actions and employment discrimination.

Teresa is a 2013 graduate of Chicago-Kent College of Law, where she served as Editor of the Law Review. Since 2019, Teresa has served on the Advocacy Council Leadership Committee for Women Employed, an Illinois nonprofit that advocates for the advancement of working women through fair workplaces and education opportunities. Every year since 2016, Teresa has been recognized by Chicago Magazine's Super Lawyer section as a Rising Star, a distinction given to no more than 2.5% of Illinois lawyers.

Teresa is admitted to the Trial Bar of the United States District Court for the Northern District of Illinois, the Northern District of Illinois, the United States Court of Appeals for the Third and Seventh Circuits, and is generally admitted to the District Court of Colorado. She has been admitted pro hac vice to the District Court of Arizona, the Northern District of California, the Superior Court for the State of California, the Middle District of Florida, the District Court of New Mexico, the Eastern and Southern Districts of New York, the Western District of North Carolina, the Northern District of Ohio, the Eastern and Middle Districts of Pennsylvania, the Middle District of Tennessee, and the Western District of Washington.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- ABA/BNA AGE DISCRIMINATION IN EMPLOYMENT LAW SUPPLEMENT, CHAPTER EDITOR; 2016-PRESENT
- AMERICAN ASSOCIATION FOR JUSTICE; 2019-PRESENT
- CHICAGO BAR ASSOCIATION; 2013-PRESENT
- FEDERAL BAR ASSOCIATION; 2012-PRESENT
- ILLINOIS STATE BAR ASSOCIATION; 2013-PRESENT
- ILLINOIS TRIAL LAWYER ASSOCIATION; 2017-PRESENT
- PUBLIC JUSTICE FOUNDATION; 2021-PRESENT

## EDUCATION

- CHICAGO-KENT COLLEGE OF LAW, J.D., CUM LAUDE, [2013]
- UNIVERSITY OF CHICAGO, B.A., CINEMA AND MEDIA STUDIES, [2002]

FILED DATE: 3/3/2023 2:20 PM   2023CH02104



# STEPHANZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## PARTNERS



### CATHERINE T. MITCHELL

is a staunch advocate for individual rights, representing people in a wide-range of legal disputes, including unpaid wages, employee misclassification, improper wage deduction, Employee Retirement Income Security Act (ERISA) violations, antitrust, and consumer fraud. Katie is also a member of the legal team pursuing claims on behalf of employees and consumers for violations of the Illinois Biometric Privacy Act (BIPA). Her broad knowledge in such areas helps clients understand their rights and recover damages when laws are violated.

Katie is admitted to practice in Illinois, the United States District Courts for the Central, Northern and Southern Districts of Illinois, and is generally admitted to the District Court of Colorado and the Eastern District of Wisconsin. She has been admitted pro hac vice to the District of Arizona, the Northern District of California, the Southern District of Iowa, the Middle District of Florida, the District Court of Minnesota, the Fourth Judicial District for the State of Minnesota, the Eastern and Western Districts of North Carolina, the District of New Mexico, the Eastern and Southern Districts of New York, the Eastern District of Pennsylvania, and the United States Court of Appeals for the Seventh Circuit.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- CHAPTER EDITOR, BUREAU OF NATIONAL AFFAIRS AGE DISCRIMINATION IN EMPLOYMENT ACT TREATISE, 2D ED.; 2016
- CHICAGO BAR ASSOCIATION; 2013-PRESENT
- ILLINOIS STATE BAR ASSOCIATION; 2015-PRESENT
- ILLINOIS TRIAL LAWYERS ASSOCIATION; 2021-PRESENT
- SAINT MARY'S COLLEGE CHICAGO EAST ALUMNAE CLUB MEMBER; 2012-PRESENT
- VICE CHAIR, YLS MOOT COURT COMPETITION COMMITTEE; 2016-2019
- WOMEN'S BAR ASSOCIATION OF ILLINOIS; 2015-PRESENT
- YOUNG LAWYERS SOCIETY OF THE CHICAGO BAR ASSOCIATION; 2014-PRESENT

## EDUCATION

- THE JOHN MARSHALL LAW SCHOOL, J.D., [2015]
- SAINT MARY'S COLLEGE, B.A., POLITICAL SCIENCE & PSYCHOLOGY, [2012]



# STEPHANZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

FILED DATE: 3/3/2023 2:20 PM 2023CH02104

## ASSOCIATES



### ANNA M. CERAGIOLI

started her career at Stephan Zouras in 2017 when she worked as a law clerk. Anna is a skilled and dedicated advocate for individuals and groups of people who have been injured, deprived of earned wages or otherwise mistreated by employers. She has worked tirelessly on an array of individual and class actions lawsuits involving unpaid wages, employee misclassification, tip-pool violations, retaliation, biometric privacy violations, and RICO violations. As the assisting attorney in one of the first in-person jury trials for unpaid wages following the COVID-19 pandemic, Anna obtained a verdict and corresponding six-figure damages award on behalf of one of her clients. Anna achieved the first ruling in the state of Illinois awarding treble damages over and above liquidated damages for claims brought under the Illinois Minimum Wage Law and the Fair Labor Standards Act – a landmark ruling for employee rights.

Anna has been recognized by Chicago Magazine's Super Lawyer section as a Rising Star, a distinction given to no more than 2.5% of Illinois lawyers. She was one of only twelve graduating students inducted into the Chicago-Kent Bar & Gavel Society.

Anna is admitted to the Trial Bar of the United States District Court for the Northern District of Illinois, the Central and Southern Districts of Illinois, and the United States Court of Appeals for the Seventh Circuit. She has also been admitted pro hac vice to the Northern District of California, the Eastern District of New York, the Northern District of Ohio, the Eastern District of Pennsylvania and Court of Common Pleas for the State of Ohio.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- CHICAGO BAR ASSOCIATION YLS MOOT COURT COMMITTEE; 2019-2021
- CHICAGO BAR ASSOCIATION; 2018-PRESENT
- CHICAGO-KENT BAR AND GAVEL SOCIETY; 2018 INDUCTEE
- CHICAGO-KENT MOOT COURT HONOR SOCIETY, PRESIDENT AND MEMBER; 2016-2018
- CHICAGO-KENT JUSTINIAN SOCIETY, SECRETARY; 2016-2018
- ILLINOIS TRIAL LAWYERS ASSOCIATION; 2021-PRESENT
- NATIONAL EMPLOYMENT LAWYERS ASSOCIATION; 2022
- WOMEN'S BAR ASSOCIATION OF ILLINOIS; 2018-PRESENT

## EDUCATION

- CHICAGO-KENT COLLEGE OF LAW, J.D., [2018]
- MARQUETTE UNIVERSITY, B.A., CUM LAUDE, ENGLISH [2013]



# STEPHANZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

## ASSOCIATES



### PAIGE L. SMITH

has worked as an Associate Attorney since 2021. Paige first joined the Stephan Zouras team as a law clerk in 2019, with a passion and dedication for vindicating Illinois citizens' rights under the Biometric Information Privacy Act (BIPA). Since joining the firm, Paige has assisted in a wide range of trailblazing individual and class actions in federal and state court, at the trial and appellate levels, involving biometric privacy violations and compliance, consumer breach of contract, improper wage deductions, unpaid wages, employee misclassification, employment discrimination, and retaliatory discharge claims.

Paige graduated cum laude from Chicago-Kent College of Law, where she was a member of the Dean's List and served as the Executive Notes & Comments Editor of the Chicago-Kent Law Review.

Paige is admitted to the Seventh Circuit Court of Appeals, and the Northern, Southern and Central Districts of Illinois. She has also been admitted pro hac vice in the Northern and Central District of California and the Eastern District of Pennsylvania.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- CHICAGO BAR ASSOCIATION; 2021-PRESENT
- WOMEN'S BAR ASSOCIATION OF ILLINOIS; 2021-PRESENT
- ILLINOIS STATE BAR ASSOCIATION; 2021-PRESENT
- ILLINOIS TRIAL LAWYERS ASSOCIATION; 2021-PRESENT

## EDUCATION

- CHICAGO-KENT COLLEGE OF LAW, J.D., CUM LAUDE [2020]
- UNIVERSITY OF WISCONSIN-MADISON, B.A. POLITICAL SCIENCE WITH HONORS IN THE LIBERAL ARTS, [2016]



# STEPHANZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

## ASSOCIATES



### MOHAMMED RATHUR

joined the Stephan Zouras team in 2022 as an Associate Attorney, with a passion to advocate for individual rights. Prior to joining the firm, Mohammed served as a judicial law clerk to the Honorable Pamela McLean Meyerson in the Chancery Division of the Circuit Court of Cook County where he gained in-depth knowledge of the Illinois Biometric Information Privacy Act, complex class actions, insurance-coverage disputes, FOIA-actions, and employment disputes under administrative review.

He earned a Bachelor's Degree from Michigan State University and his law degree from the American University Washington College of Law. In law school, Mohammed served as a Student Attorney for the International Human Rights Law Clinic where he represented asylum seekers in federal immigration court. Additionally, Mohammed interned at the U.S. Department of Justice – Civil Rights Division and for United States District Court Judge George Caram Steeh III.

Mohammed is admitted to practice in Illinois and Washington, D.C., and the United States District Court for the Northern District of Illinois.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- SOUTH ASIAN BAR ASSOCIATION; 2016-PRESENT
- ILLINOIS STATE BAR ASSOCIATION; 2020-PRESENT
- MUSLIM BAR ASSOCIATION OF CHICAGO; 2022-PRESENT

## EDUCATION

- AMERICAN UNIVERSITY WASHINGTON COLLEGE OF LAW, J.D., [2019]
- MICHIGAN STATE UNIVERSITY, B.A., INTERNATIONAL RELATIONS [2016]



# STEPHANZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

## ASSOCIATES



### MICHAEL CASAS

joined the Stephan Zouras team as a law clerk in 2020, with a passion and dedication for vindicating Illinois citizens' rights under the Illinois Biometric Information Privacy Act (BIPA). Since joining the Stephan Zouras legal team, Michael has assisted in trailblazing actions involving BIPA, employee misclassification, breach of contract, unpaid wages, personal injury, and employment discrimination claims.

Michael graduated cum laude from the University of Illinois – Chicago School of Law, where he was a member of the Dean's List, and a published member of the UIC Law Review. While in law school, Michael served as a Student Attorney for the Community Enterprise & Solidarity Economy Clinic where he consulted small business owners on corporate entity registration and regulatory compliance with Illinois cannabis license applications.

Michael earned his undergraduate degree from the University of Illinois – Urbana/Champaign, where he graduated with a degree in Finance.

Michael is admitted to practice in Illinois and the United States District Court for the Northern District of Illinois.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- CHICAGO BAR ASSOCIATION; 2022 – PRESENT
- AUXILIARY BOARD MEMBER – ONWARD NEIGHBORHOOD HOUSE; 2020 – PRESENT

## EDUCATION

- UNIVERSITY OF ILLINOIS - CHICAGO SCHOOL OF LAW, J.D., CUM LAUDE [2022]
- UNIVERSITY OF ILLINOIS - URBANA/CHAMPAIGN, B.S., FINANCE [2017]



# STEPHANZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

## OF COUNSEL



### DAVID J. COHEN

is a highly skilled and successful class-action attorney who joined Stephan Zouras, LLP in 2016. Dave manages our Philadelphia office and has spent his entire career fighting to protect the rights of thousands of healthcare professionals, restaurant workers, transportation workers, IT professionals, shareholders, union members and consumers.

Before joining the private sector, Dave completed a unique clerkship with the Hon. Stephen E. Levin in the Philadelphia Court of Common Pleas, during which he helped to develop a respected and efficient system to resolve the Court's class action cases and contributed to several well-regarded works on class actions.

Dave earned a J.D. from the Temple University School of Law in 1994. While attending law school, Dave was awarded the Barristers Award for excellence in trial advocacy and worked as a teaching assistant for Hon. Legrome Davis (E.D. Pa.) as part of Temple's award-winning Integrated Trial Advocacy program.

Dave is a member of the Pennsylvania and New Jersey Bar Associations, and has been admitted to practice in many courts nationwide, including: the United States Courts of Appeals for the Third and Sixth Circuits and the District Courts of California, Florida, Illinois, Michigan, New Jersey, New York, Pennsylvania, Tennessee and the District of Columbia.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- ILLINOIS STATE BAR ASSOCIATION; 2017-PRESENT
- UNIVERSITY OF CHICAGO ALUMNI INTERVIEWER; 1994-PRESENT
- PENNSYLVANIA BAR ASSOCIATION MEMBER; 1995-PRESENT
- PHILADELPHIA BAR ASSOCIATION MEMBER; 1995-PRESENT
- UNION LEAGUE OF PHILADELPHIA MEMBER; 2001-PRESENT
- STREET TAILS ANIMAL RESCUE FOSTER CARE SPONSOR; 2014-PRESENT
- UNIVERSITY OF CHICAGO "WISR" ALUMNI MENTORING NETWORK; 2017-PRESENT
- PHILADELPHIA BAR ASSOCIATION LEGAL-LINE VOLUNTEER; 2015-2020
- FOUNDATION FOR FIRST RESPONDERS AND FIREFIGHTERS SPONSOR; 1994-2020
- AMERICAN BAR ASSOCIATION MEMBER;1994-2015
- HEAD HOUSE CONSERVANCY BOARD MEMBER; 2008-2015

FILED DATE: 3/3/2023 2:20 PM   2023CH02104



# STEPHANZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## OF COUNSEL

- AIDS SERVICES IN ASIAN COMMUNITIES (ASAIC) SPONSOR; 1994-2014
- FRIENDS OF INGLIS HOUSE VOLUNTEER; 2001-2014
- OLD CITY CIVIC ASSOCIATION BOARD MEMBER, EXECUTIVE COMMITTEE MEMBER AND SECRETARY; 2002-2014
- TEMPLE UNIVERSITY BEASLEY SCHOOL OF LAW MOOT COURT HONOR SOCIETY JUDGE; 2002-2011

## EDUCATION

- TEMPLE UNIVERSITY SCHOOL OF LAW, J.D. [1994]
- UNIVERSITY OF CHICAGO, B.A. CUM LAUDE [1991]



# STEPHANZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

## Representative Trials, Verdicts and Judgments

| CASE | COURT | JUDGMENT |
|---|---|---|
| Meadows v. NCR Corporation | Northern District of Illinois<br>No. 16-cv-06221 | 5/21/2021 - Jury Verdict (Plaintiff)<br>7/09/2021 - Trial Court Judgment<br>**$225,000** |
| Retaliation Arbitrations | American Arbitration Association<br>Redacted for Confidentiality | 2/2019 & 9/2020 - Arbitration<br>Judgment - **$400,0000** |
| Ray v. DISH Network | American Arbitration Association<br>No. 01-15-0003-4651 | 3/17/2019 – Arbitration Judgment<br>**$3.25 mil** |
| Franco v. Ideal Mortgage Bankers<br>d/b/a Lend America | Eastern District of New York<br>No. 07-cv-3956 | 12/14/2017 – Trial Court Judgment<br>**$15.2 mil** |
| Frisari v. DISH Network | American Arbitration Association<br>No. 18-160-001431-12 | 8/25/2016 - Arbitration Judgment<br>**$2.5 mil** |
| Huskey v . Ethicon, Inc. | Southern District of West Virginia<br>No. 2:12-cv-05201 | 9/10/2014 - Jury Verdict (Plaintiff)<br>**$3.27 mil** |
| Lee v. THR & Associates, Inc. | Central District of Illinois<br>No. 12-cv-3078 | 5/22/2014 - Trial Court Judgment<br>**$12.2 mil** |
| Vilches v. The Travelers Companies, Inc. | American Arbitration Association<br>No. 11-160-000355-11 | 12/12/2012 - Arbitration Judgment |
| Kyriakoulis v. DuPage Health Center | Northern District of Illinois<br>No. 10-cv-7902 | 11/16/2012 - Jury Verdict (Plaintiff) |
| Smith v. Safety-Kleen Systems, Inc. | Northern District of Illinois<br>No. 10-cv-6574 | 7/11/2012 - Jury Verdict (Plaintiff) |



# STEPHANZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

## CASE

Wong v. Wice Logistics

Daniels v. Premium Capital Funding

## COURT

Circuit Court of Cook County, IL
No. 08-L-13380

Eastern District of New York
No. 08-cv-4736

## JUDGMENT

1/30/2012 - Jury Verdict (Plaintiff)

10/18/2011 - Jury Verdict (Plaintiff)
**$9 mil**



# STEPHANZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

FILED DATE: 3/3/2023 2:20 PM    2023CH02104

## Representative Resolved Class and Collective Actions

**Courts nationwide have appointed the firm as lead or co-lead counsel in numerous class and collective actions in which they have collectively secured over one hundred million dollars in verdicts and settlements including;**

| CASE | COURT | SETTLEMENT |
|---|---|---|
| Gniecki v. Columbia Sussex Management, LLC | Circuit Court of Cook County, IL No. 21-CH-00677 | 10/06/2022 - Final Approval **$500,000** |
| Brown v. Weathertech | Circuit Court of Cook County, IL No. 19-CH-00503 | 9/26/2022 - Final Approval **$1.375 mil** |
| Johnson v. Verizon Wireless | Northern District of Illinois No. 21-cv-00187 | 9/12/2022 - Final Approval |
| Bruhn v. Jewel-Osco | Circuit Court of Cook County, IL No. 18-CH-01737 | 9/08/2022 - Final Approval **$1.575 mil** |
| Meier v. Robert Rohrman, et al. | Circuit Court of Cook County, IL No. 14-CH-11513 | 5/31/2022 - Final Approval **$855,000** |
| Robertson v. Hostmark Hospitality Group, Inc., et al. | Circuit Court of Cook County, IL No. 18-CH-05194 | 4/14/2022 - Final Approval **$503,000** |
| Parsons v. Personnel Staffing Group | Circuit Court of Cook County, IL No. 20-CH-473 | 3/22/2022 - Final Approval **$4.68 mil** |
| Mosby v. The Ingalls Memorial Hospital, et al. | Circuit Court of Cook County, IL No. 18-CH-05031 | 3/14/2022 - Final Approval **$2.42 mil** |
| Bledsoe v. LHC Group, Inc. and; George v. LHC Group, Inc. | District Court of Arizona No. cv-18-02863, and; No. cv-21-01402 | 2/08/2022 - Final Approval |



# STEPHANZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

| CASE | COURT | SETTLEMENT |
|------|-------|------------|
| Krzyzanowski v. Brunch Café | Northern District of Illinois No. 19-cv-07427 | 2/02/2022 - Final Approval |
| Toor v. CoreCentric Solutions, Inc. | Circuit Court of DuPage County, IL No. 2019-CH-000989 | 1/25/2022 - Final Approval |
| Peatry v. Bimbo Bakeries USA, Inc. | Northern District of Illinois No. 19-cv-02942 | 1/12/2022 - Final Approval |
| Ripper v. Area Disposal Service, Inc. | Circuit Court of Peoria County, IL No. 2020-CH-00124 | 11/16/2021 - Final Approval **$577,000** |
| O'Sullivan v. All Star Management, Inc. | Circuit Court of Cook County, IL No. 19-CH-11575 | 9/02/2021 - Final Approval **$5.85 mil** |
| Sanchez v. Visual Pak | Circuit Court of Cook County, IL No. 18-CH-02651 | 8/10/2021 - Final Approval **$3.5 mil** |
| Ramos v. BOX Acquisitions, LLC | Circuit Court of Cook County, IL No. 20-CH-03887 | 8/05/2021 - Final Approval **$1.38 mil** |
| Civcon Services, Inc. v. Accesso Services, LLC | Northern District of Illinois No. 20-cv-01821 | 7/08/2021 - Final Approval **$500,000** |
| Van Jacobs v. New World Van Lines, Inc. | Circuit Court of Cook County, IL No. 19-CH-02619 | 7/07/2021 - Final Approval |
| Liu v. Four Seasons Hotels, Ltd. | Circuit Court of Cook County, IL No. 17-CH-14949 | 6/30/2021 - Final Approval **$575,900** |
| Bedford v. Lifespace Communities, Inc. | Northern District of Illinois No. 20-cv-04574 | 5/12/2021 - Final Approval **$987,850** |



# STEPHANZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

## CASE

## COURT

## SETTLEMENT

| Heard v. THC - Northshore, Inc. | Circuit Court of Cook County, IL No. 17-CH-16918 | 5/05/2021 - Final Approval **$2.25mil** |

| Thome v. Novatime Technology, Inc. | Northern District of Illinois No. 19-cv-06256 | 3/08/2021 - Final Approval **$14.1 mil** |

| Kusinski v. ADP, LLC | Circuit Court of Cook County, IL No. 17-CH-12364 | 2/10/2021 - Final Approval **$25 mil** |

| Trayes v. Mid-Con Hospitality Group, LLC | Circuit Court of Cook County, IL No. 19-CH-11117 | 2/03/2021 - Final Approval **$616,500** |

| Collier v. Pete's Fresh Market | Circuit Court of Cook County, IL No. 19-CH-05125 | 12/03/2020 - Final Approval **$4.2 mil** |

| Bryant v. Loews Chicago Hotel, Inc. | Northern District of Illinois No. 19-cv-03195 | 10/30/2020 - Final Approval **$1 mil** |

| Bigger v. Facebook, Inc. | Northern District of Illinois No. 17-cv-7753 | 10/22/2020 - Final Approval **$1.6 mil** |

| Johns v. Club Fitness of Alton, LLC | Circuit Court of Madison County, IL No. 18-L-000080 | 10/13/2020 - Final Approval **$750,000** |

| Bryski v. Nemera Buffalo Grove, LLC | Circuit Court of Cook County, IL No. 18-CH-07264 | 10/05/2020 - Final Approval |

| Thomas v. Kik Custom Products, Inc. | Circuit Court of Cook County, IL No. 19-CH-02471 | 9/30/2020 - Final Approval **$1 mil** |

| Gauzza v. Prospect Medical Holdings, Inc. | Eastern District of Pennsylvania No. 20-cv-03599 | 9/15/2020 - Final Approval **$1.9 mil** |

| Bradford v. Farmington Foods, Inc. | Circuit Court of Cook County, IL No. 19-CH-12888 | 8/17/2020 - Final Approval |



# STEPHANZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

| CASE | COURT | SETTLEMENT |
|------|-------|------------|
| Trottier v. Summit Staffing | Circuit Court of Cook County, IL No. 19-CH-02731 | 8/04/2020 - Final Approval **$1mil** |
| Jackson v. A. Finkl & Sons, Co. | Circuit Court of Cook County, IL No. 2018-CH-07424 | 7/21/2020 - Final Approval |
| Thome v. Flexicorps. Inc. | Circuit Court of Cook County, IL No. 18-CH-01751 | 7/02/2020 - Final Approval **$1 mil** |
| Goings v. Applied Acoustics | Circuit Court of Cook County, IL No. 17-CH-14954 | 6/02/2020 - Final Approval |
| Jones v. Santa Rosa Consulting, Inc. | Southern District of New York No. 18-cv-11005 | 5/26/2020 - Final Approval |
| Jones v. Encore Health Resources, LLC | Southern District of Texas No. 19-cv-03298 | 2/19/2020 - Final Approval |
| Potoski v. Wyoming Valley Health Care System | Middle District of Pennsylvania No. 11-cv-00582 | 1/14/2020 - Final Approval |
| Stewart v. First Transit, Inc. | Eastern District of Pennsylvania No. 18-cv-03768 | 12/30/2019 - Final Approval **$1 mil** |
| Jordan v. Meridian Bank | Eastern District of Pennsylvania No. 17-cv-05251 | 12/19/2019 - Final Approval **$1 mil** |
| George v. Schulte Hospitality Group, Inc. | Circuit Court of Cook County, IL No. 18-CH-04413 | 12/16/2019 - Final Approval **$1 mil** |
| Edmond v. DPI Specialty Foods, Inc. | Circuit Court of Cook County, IL No. 18-CH-09573 | 11/18/2019 - Final Approval **$500,000** |
| Watts v. Chicago Lakeshore Hospital | Circuit Court of Cook County, IL No. 17-CH-12756 | 11/13/2019 - Final Approval **$858,000** |



# STEPHANZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

| CASE | COURT | SETTLEMENT |
|---|---|---|
| Bey v. Walker HealthCare and; Pierce v. Encore Health Resources | Southern District of Texas No. 19-cv-00060 No. 18-cv-04736 | 9/19/2019 - Final Approval **$2.4 mil** |
| Kuck v. Planet Home Lending, LLC | Eastern District of New York No. 17-cv-04769 | 9/13/2019 - Final Approval |
| Dixon v. The Washington & Jane Smith Home | Northern District of Illinois No. 17-cv-08033 | 8/20/2019 - Final Approval **$1.35 mil** |
| Jones v. Chicago Bridge & Iron Company | Western District of North Carolina No. 17-cv-00424 | 8/06/2019 - Final Approval |
| Sharrieff v. Raymond Management Company | Circuit Court of Cook County, IL No. 18-CH-01496 | 8/01/2019 - Final Approval |
| Ostrander v. Customer Engineering Services, LLC | District Court of Colorado No. 15-cv-01476 | 3/25/2019 - Final Judgment |
| Davis v. Vanguard Home Care, LLC | Northern District of Illinois No. 16-cv-07277 | 3/22/19 – Final Approval |
| Goh v. NCR Corporation | American Arbitration Association No. 01-15-0004-0067 | 2/25/19 – Final Approval |
| Moseman v. U.S. Bank National Association | Western District of North Carolina No. 17-cv-00481 | 1/07/19 – Final Approval |
| Ivy v. Adventist Midwest Health | Northern District of Illinois No. 16-cv-7606 | 11/14/18 – Final Approval |
| Bhattacharya v. Capgemini | Northern District of Illinois No. 16-cv-07950 | 11/13/18 - Final Approval **$990,000** |



# STEPHANZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

| CASE | COURT | SETTLEMENT |
|------|-------|------------|
| Carver v. Presence Health Network | Northern District of Illinois No. 15-cv-02905 | 7/10/18 – Final Approval **$20mil** |
| Stapleton v. Advocate Health Care | Northern District of Illinois No. 14-cv-01873 | 6/27/18 – Final Approval |
| Brown v. Health Resource Solutions, Inc. | Northern District of Illinois No. 16-cv-10667 | 4/20/18 – Final Approval **$900,000** |
| Eggleston v. USCC Services, LLC | Northern District of Illinois No. 16-cv-06775 | 2/16/18 – Final Approval **$1.25mil** |
| Caison v. Sogeti USA, LLC | Northern District of Illinois No. 17-cv-2786 | 2/12/18 – Final Approval |
| Kaminski v. Bank of America, N.A. | Northern District of Illinois No. 16-cv-10844 | 2/15/18 – Final Approval **$850,000** |
| Byrne v. Centegra Health System | Northern District of Illinois No. 17-cv-00018 | 1/29/18 – Final Approval |
| Donoghue v. Verizon Communications, Inc. | Eastern District of Pennsylvania No. 16-cv-4742 | 11/16/17 – Final Approval **$800,000** |
| Tompkins v. Farmers Insurance Exchange | Eastern District of Pennsylvania No. 14-cv-3737 | 9/27/17 – Final Approval **$775,000** |
| In re Sears Holdings Corporation Stockholder and Derivative Litigation | Court of Chancery of the State of Delaware, No. 11081-VCL | 5/9/17 – Final Approval **$40mil** |
| Oaks v. Sears | Northern District of Illinois No. 1:15-cv-11318 | 4/12/17 – Final Approval |
| Hauser v. Alexian Brothers Home Health | Northern District of Illinois No. 15-cv-6462 | 4/06/17 – Final Approval **$1mil** |



# STEPHANZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

## CASE

## COURT

## SETTLEMENT

| CASE | COURT | SETTLEMENT |
|---|---|---|
| Leiner v. Johnson & Johnson | Northern District of Illinois No. 15-cv-5876 | 1/31/17 – Final Approval **$5mil** |
| Reed v. Friendly's Ice Cream, LLC | Middle District of Pennsylvania No. 15-cv-00298 | 1/31/17 – Final Approval **$3.5 mil** |
| McPhearson v. 33 Management | Circuit Court of Cook County, IL No. 15-CH-17302 | 11/3/16 – Final Approval |
| Cook v. Bank of America | Northern District of Illinois No. 15-cv-07718 | 8/2/16 – Final Approval **$3.25 mil** |
| Lukas v. Advocate Health Care | Northern District of Illinois No. 14-cv-2740 | 6/29/16 – Final Approval **$4.75mil** |
| Kurgan v. Chiro One Wellness Centers, LLC | Northern District of Illinois No. 10-cv-1899 | 4/27/16 – Final Approval |
| Heba v. Comcast | First Judicial District of Pennsylvania Court of Common Pleas, No. 12-471 | 4/06/16 – Final Approval |
| Johnson v. Casey's General Stores, Inc. | Western District of Missouri No. 15-cv-3086 | 3/03/16 – Final Approval **$500,000** |
| Fields v. Bancsource, Inc. | Northern District of Illinois No. 14-cv-7202 | 2/03/16 – Final Approval |
| Elder v. Comcast Corporation | Northern District of Illinois No. 12-cv-1157 | 1/11/16 – Final Approval **$700,000** |
| Posada v. Continental Home Loans, Inc. | Eastern District of New York 15-cv-4203 | 1/13/16 - Final Approval |
| Struett v. Susquehanna Bank | Eastern District of Pennsylvania No. 15-cv-176 | 10/27/15 – Final Approval |



# STEPHANZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

| CASE | COURT | SETTLEMENT |
|---|---|---|
| Faust v. Comcast Corporation | District Court of Maryland No. 10-cv-2336 | 10/11/15 - Final Approval |
| Butler v. DirectSat USA, LLC | District Court of Maryland No. 10-cv-02747 | 9/03/15 - Final Approval |
| Sosnicki v. Continental Home Loans, Inc. | Eastern District of New York No. 12-cv-1130 | 7/30/15 - Final Approval |
| Bordell v. Geisinger Medical Center | Northumberland Court of Common Pleas, No. 12-cv-1688 | 4/8/15 – Final Approval |
| Harvey v. AB Electrolux | Northern District of Iowa No. 11-cv-3036 | 3/23/15 – Final Approval |
| Price v. NCR Corporation | American Arbitration Association No. 51-610-908-12 | 3/18/15 – Final Approval **$2.95 mil** |
| Frebes v. Mask Restaurants, LLC | Northern District of Illinois No. 13-cv-3473 | 1/15/15 – Final Approval |
| Jones v. Judge Technical Services Inc. | Eastern District of Pennsylvania No. 11-cv-6910 | 12/15/14 – Final Approval **$1.22 mil** |
| Howard v. Securitas Security Services USA, Inc., and; Hawkins v. Securitas Security Services USA, Inc. | Northern District of Illinois No. 08-cv-2746 and; No. 09-cv-3633 | 5/7/14 – Final Approval |
| Thomas v. Matrix Corporation Services | Northern District of Illinois No. 10-cv-5093 | 2/12/14 – Final Approval |
| Sexton v. Franklin First Financial | Eastern District of New York No. 08-cv-04950 | 9/30/13 – Final Approval |



# STEPHANZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

| CASE | COURT | SETTLEMENT |
| --- | --- | --- |
| Outlaw v. Secure Health, L.P. | Eastern District of Pennsylvania No. 11-cv-602 | 9/24/13 – Final Approval |
| Robinson v. RCN Telecom Services, Inc. | Eastern District of Pennsylvania No. 10-cv-6841 | 8/5/13 – Final Approval |
| Holland v. Securitas Security Services USA, Inc. | Superior Court of California, County of Los Angeles, No. BC 394708 | 7/26/13- Final Approval |
| Ord v. First National Bank of Pennsylvania | Western District of Pennsylvania No. 12-cv-766 | 6/21/13 – Final Approval **$3mil** |
| Holley v. Erickson Living Management, LLC | Eastern District of Pennsylvania No. 11-cv-2444 | 6/13/13 – Final Approval |
| Hansen v. Per Mar Security Services | Southern District of Iowa No. 09-cv-459 | 5/15/13 - Final Approval |
| Pomphrett v. American Home Bank | Eastern District of Pennsylvania No. 12-cv-2511 | 3/14/13 – Final Approval **$2.4 mil** |
| Glatts v. Crozer-Keystone Health System | Philadelphia Court of Common Pleas, No. 0904-1314 | 2/06/13 – Final Approval **$1.2 mil** |
| Chambers v. Front Range Environmental, LLC | Northern District of Illinois No. 12-cv-891 | 1/23/13 - Final Approval |
| Searson v. Concord Mortgage Corporation | Eastern District of New York No. 07-cv-3909 | 11/19/12 - Final Approval |
| Ellenbecker v. North Star Cable Construction, Inc. | Northern District of Illinois No. 09-cv-7293 | 11/14/12 - Final Approval |
| Williams v. Securitas Security Services USA, Inc. | Eastern District of Pennsylvania No. 10-cv-7181 | 11/08/12 - Final Approval |



# STEPHANZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

| **CASE** | **COURT** | **SETTLEMENT** |
|---|---|---|
| Molyneux v. Securitas Security Services USA, Inc. | Southern District of Iowa No. 10-cv-588 | 11/05/12 - Final Approval |
| Kernats v. Comcast Corporation | Northern District of Illinois No. 09-cv-3368 | 5/28/12 - Final Approval |
| Petersen v. Marsh USA, Inc. | Northern District of Illinois No. 10-cv-1506 | 9/21/11 - Final Approval |
| Thompson v. World Alliance Financial Corp. | Eastern District of New York No. 08-cv-4951 | 8/05/11 - Final Approval |
| Harris v. Cheddar's Casual Cafe, Inc. | American Arbitration Association No. 51 460 00557 10 | 6/1/11 - Final Approval |
| Turner v. Mercy Health System | Philadelphia Court of Common Pleas, No. 0801-3670 | 4/20/11 – Final Approval **$2.75 mil** |
| Cedeno v. Home Mortgage Desk, Corp. | Eastern District of New York No. 08-cv-1168 | 6/15/10 - Final Approval |
| Perkins v. Specialty Construction Brands, Inc. | Northern District of Illinois No. 09-cv-1678 | 11/15/09 - Final Approval |
| Wineland v. Casey's General Stores, Inc. | Southern District of Iowa No. 08-cv-00020 | 10/22/09 - Final Approval |
| Jones v. Casey's General Stores, Inc. | Southern District of Iowa No. 07-cv-400 | 10/22/09 - Final Approval |
| Stuart v. College Park | Circuit Court of Cook County, IL No. 05-CH-09699 | 12/11/07 - Final Approval |
| Huebner v. Graham C Stores | Circuit Court of Cook County, IL No. 06-CH-09695 | 11/15/07 - Final Approval |



# STEPHANZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

## CASE

Perez v. RadioShack Corporation

Reinsmith v. Castlepoint Mortgage

Kutcher v. B&A Associates

Ciesla v. Lucent Technologies, Inc.

Casale v. Provident Bank

Corbin v. Barry Realty

## COURT

Northern District of Illinois
No. 02-cv-7884

District Court of Massachusetts
No. 05-cv-01168

Circuit Court of Cook County, IL
No. 03-CH-07610

Northern District of Illinois
No. 05-cv-1641

District Court of New Jersey
No. 04-cv-2009

Circuit Court of Cook County, IL
No. 02-CH-16003

## SETTLEMENT

9/14/07 - Final Approval
**$9 mil**

4/3/07 - Final Approval

11/20/06 - Final Approval

7/31/06 - Final Approval

7/25/05 - Final Approval

3/22/05 - Final Approval



# STEPHANZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

## Biometric Information Privacy Class Action Lawsuits

**Our firm is at the forefront of BIPA litigation to protect the biometric data and privacy of employees and consumers. We have brought numerous class action lawsuits against employers and other retail businesses who have collected biometric data without consent and without instituting the proper safeguards including;**

| CASE | COURT |
|------|-------|
| Ala v. U.S. Acrylic, LLC | Circuit Court of Lake County, Illinois, No. 2022-CH-0000069 |
| Alderman v. The Kroger Co. | Circuit Court of Williamson County, Illinois, No. 2021-L-21 |
| Alquero v. Grand Victoria Riverboat Casino | Circuit Court of Cook County, Illinois, No. 2019-CH-09603 |
| Andere v. Amita Health Adventist Medical Center Bolingbrook | Circuit Court of Will County, Illinois, No. 2021-L-000893 |
| Anthony v. Towneplace Suites | Circuit Court of Cook County, Illinois, No. 2021-CH-05389 |
| Arnold v. Roundy's Supermarkets, Inc. | Circuit Court of Cook County, Illinois, No. 2020-CH-05622 |
| Arroyo v. OTO Development, LLC | Circuit Court of Cook County, Illinois, No. 2020-CH-07170 |
| Ayala v. American Louver Company | Circuit Court of Cook County, Illinois, No. 2019-CH-04163 |
| Blunt v. G2K Logistics, LLC | Circuit Court of Cook County, Illinois, No. 2022-CH-01637 |
| Bowens v. SMASHotels | Circuit Court of Cook County, Illinois, No. 2022-CH-08312 |
| Boyd v. Lazer Spot, Inc. | Northern District of Illinois, No. 2021-cv-08173 |
| Brammer v. Ava Inc. | Circuit Court of Cook County, Illinois, No. 2019-CH-07379 |
| Bray v. Lathem Time Co. | Northern District of Georgia, 2022-cv-01748 |



# STEPHANZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

| <u>CASE</u> | <u>COURT</u> |
|---|---|
| Buford v. GDI Services, Inc. | Circuit Court of Cook County, Illinois, No. 2020-CH-05007 |
| Burt v. Anixter Inc. | Circuit Court of Cook County, Illinois, No. 2019-CH-04569 |
| Cameron v. Polar Tech Industries, Inc. | Circuit Court of DeKalb County, Illinois, No. 2019-CH-000013 |
| Campos v. City View Multicare Center, LLC | Circuit Court of Cook County, Illinois, No. 2019-CH-07082 |
| Campos v. Midwest Time Recorder, Inc. | Circuit Court of Cook County, Illinois, No. 2019-CH-07229 |
| Cervantes v. Grant Park Packing Co., Inc. | Circuit Court of Cook County, Illinois, No. 2022-CH-07020 |
| Chatman v. Crate and Barrel | Circuit Court of Cook County, Illinois, No. 2018-CH-09277 |
| Clow v. Sygma Network Inc. | Circuit Court of Vermilion County, Illinois, No. 2022-LA-000004 |
| Coleman v. Greenwood Hospitality Management, LLC | Northern District of Illinois, No. 2021-cv-00806 |
| Cosenza v. DiNico's Pizza | Circuit Court of Cook County, Illinois, No. 2020-CH-00614 |
| Cothron v. White Castle | Northern District of Illinois, No. 2019-cv-00382 |
| Crowden v. Silver Cross Hospitals & Medical Centers | Circuit Court of Will County, Illinois, No. 2022-CH-0063 |
| Currie v. McDonald's | Circuit Court of Lake County, Illinois, 2020-CH-0467 |
| Davis v. Wirco, Inc. | Central District of Illinois, No. 2021-cv-02279 |
| Doporcyk v. Mariano's | Circuit Court of Cook County, Illinois, No. 2017-CH-08092 |
| Dowell v. Springfield Memorial Hospital, et al. | Circuit Court of Sangamon County, Illinois, No. 2022-LA-134 |



# STEPHANZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

| CASE | COURT |
|---|---|
| Duarte v. Vanee Foods Company | Circuit Court of Cook County, Illinois, No. 2021-CH-01318 |
| Ebert v. Eclipse Advantage, LLC | Circuit Court of Grundy County, Illinois, No. 2020-L-53 |
| Ebert v. Total Staffing Solutions, Inc. | Circuit Court of Cook County, Illinois, No. 2021-CH-04338 |
| Fields v. Abra Auto Body & Glass | Circuit Court of Cook County, Illinois, No. 2017-CH-12271 |
| Figueroa v. Kronos, Inc. | Northern District of Illinois, No. 2019-cv-01306 |
| Figueroa v. Tony's Fresh Market | Circuit Court of Cook County, Illinois, No. 2018-CH-15728 |
| Finley v. Clark Manor | Circuit Court of Cook County, Illinois, No. 2020-CH-07265 |
| Fisher v. HP Property Management, LLC | Circuit Court of Cook County, Illinois, No. 2019-CH-14082 |
| Francois v. South Shore Hospital, Corp. | Circuit Court of Cook County, Illinois, No. 2021-CH-02564 |
| Francois v. Swipeclock, LLC | Circuit Court of Cook County, Illinois, No. 2022-CH-01041 |
| Fuentes v. Focal Point Exports, LTD | Circuit Court of Cook County, Illinois, No. 2019-CH-03890 |
| Fulton v. SCR Medical Transport, Inc. | Circuit Court of Cook County, Illinois, No. 2020-CH-00927 |
| Garriott v. Food Movers Two Limited Partnership | Circuit Court of Cook County, Illinois, No. 2020-CH-07030 |
| George v. Bricton 191 Associates, LLC | Circuit Court of Cook County, Illinois, No. 2019-CH-04014 |
| Goings v. UGN, Inc. | Circuit Court of Cook County, Illinois, No. 2017-CH-14954 |
| Gorgas v. Amazon.com, Inc. et al. | Northern District of Illinois, No. 2022-cv-05159 |



# STEPHANZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

| CASE | COURT |
|------|-------|
| Heard v. Becton, Dickinson & Company | Northern District of Illinois, No. 2019-cv-4158 |
| Heard v. Omnicell, Inc. | Circuit Court of Cook County, Illinois, No. 2019-CH-06817 |
| Heard v. St. Bernard Hospital | Circuit Court of Cook County, Illinois, No. 2017-CH-16828 |
| Heard v. Weiss Memorial Hospital Foundation | Circuit Court of Cook County, Illinois, No. 2019-CH-06763 |
| Hogan v. Amazon.com, Inc. | Northern District of Illinois, No. 2021-cv-3169 |
| Howe v. Speedway, LLC | Northern District of Illinois, No. 2019-cv-01374 |
| Ibarra v. Prospera, LLC | Northern District of Illinois, No. 2020-cv-07015 |
| Ingram v. LSL Healthcare | Circuit Court of Cook County, Illinois, No. 2021-CH-00220 |
| Johns v. Paycor, Inc. | Northern District of Illinois, No. 2020-cv-00264 |
| Johnson v. Gold Standard Baking, Inc. | Circuit Court of Cook County, Illinois, No. 2018-CH-09011 |
| Johnson v. Food 4 Less | Northern District of Illinois, No. 2022-cv-02409 |
| Johnson v. NCR | Circuit Court of Cook County, Illinois, No. 2022-CH-04265 |
| Johnson v. Thermoflex | Circuit Court of Cook County, Illinois, No. 2020-CH-00000479 |
| Kardos v. ABT Electronics, Inc. | Circuit Court of Cook County, Illinois, No. 2019-CH-01235 |
| Keene v. Plymouth Place, Inc. | Circuit Court of Cook County, Illinois, No. 2019-CH-01953 |
| Kelley v. Chicago Behavioral Hospital | Circuit Court of Cook County, Illinois, No. 2020-CH-03302 |



# STEPHANZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

## CASE

## COURT

| | |
|---|---|
| King v. Garfield Park Hospital, LLC | Circuit Court of Cook County, Illinois, No. 2020-CH-00056 |
| Krause v. Caputo's New Farm Produce | Circuit Court of Cook County, Illinois, No. 2018-Ch-11660 |
| Landa v. Menasha Packaging Co., LLC | Circuit Court of Cook County, Illinois, No. 2020-CH-05251 |
| Landa v. MJ Holding Company, LLC | Circuit Court of Cook County, Illinois, No. 2020-CH-05247 |
| Lawrence v. McLane/Midwest, Inc. | Circuit Court of Vermilion County, Illinois, No. 2021-L-000061 |
| Lopez v. Metraflex | Circuit Court of Cook County, Illinois, No. 2020-CH-05354 |
| Loving v. Belhaven Nursing & Rehabilitation Center, LLC | Circuit Court of Cook County, Illinois, No. 2020-CH-04176 |
| Lyons v. Harri (US), LLC | Circuit Court of Cook County, Illinois, No. 2022-CH-03207 |
| Marquez v. North Riverside Golf Club | Circuit Court of Cook County, Illinois, No. 2020-CH-05895 |
| Mazya v. Northwestern Lake Forest Hospital | Circuit Court of Cook County, Illinois, No. 2018-CH-07161 |
| McAdams v. Design Toscano, Inc. | Circuit Court of Cook County, Illinois, No. 2022-CH-05387 |
| McGraw v. Lakeshore Beverage | Circuit Court of Cook County, Illinois, No. 2020-CH-00343 |
| Measaw v. Heritage Operations Group, LLC | Circuit Court of Cook County, Illinois, No. 2019-CH-08321 |
| Meegan v. NFI Industries, Inc. | Northern District of Illinois, No. 2020-cv-00465 |
| Mendenhall v. Burger King | Circuit Court of Cook County, Illinois, No. 2019-CH-10636 |
| Michaels v. Continental Nursing and Rehabilitation Center, LLC | Circuit Court of Cook County, Illinois, No. 2022-CH-02591 |



# STEPHANZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

## CASE

## COURT

Michaels v. Infinity Healthcare Management of Illinois, LLC — Circuit Court Cook County, Illinois, No. 2021-CH-05859

Mitchell v. Bottled Blonde Chicago, LLC — Northern District of Illinois, No. 2020-cv-06460

Mitchell v. Electrolux Home Products, et al. — Circuit Court of Cook County, Illinois, No. 2022-CH-08926

Molina v. Mercyhealth System, Corp. — Circuit Court of Winnebago County, Illinois, No. 2020-L-0000286

Morgan v. Ruler Foods, Inc. — Southern District of Illinois, No. 2020-cv-01270

Morris v. Nextep Systems, Inc. — Northern District of Illinois, No. 2021-cv-2404

Morris v. Wow Bao, LLC — Circuit Court of Cook County, Illinois, No. 2017-CH-12029

Mosby v. The Ingalls Memorial Hospital — Circuit Court of Cook County, Illinois, No. 2018-CH-05031

Nordstrom v. Dial Senior Management, Inc. — Northern District of Illinois, No. 2019-cv-07183

Nosal v. Rich Products Corporation — Northern District of Illinois, No. 2020-cv-4972

Peaks-Smith v. Saint Anthony Hospital — Circuit Court of Cook County, Illinois, No. 2018-CH-07077

Peoples v. Wheaton Village Nursing and Rehabilitation Center, LLC — Circuit Court of DuPage County, Illinois, No. 2021-L-001234

Pruitt v. Par-A-Dice Hotel Casino — Central District of Illinois, No. 2020-cv-01084

Purnell v. Pure's Food Specialties, LLC — Circuit Court of Lake County, Illinois, No. 2021-CH-00991

Quentere v. G.H. Cretors — Northern District of Illinois, No. 2020-cv-07306

Quentere v. Staffing Network, LLC — Circuit Court of Lake County, Illinois, No. 2020-CH-00000654



# STEPHANZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

## CASE

## COURT

| | |
|---|---|
| Quentere v. Tablecraft Product Company | Circuit Court of Lake County, Illinois, No. 2020-CH-00000493 |
| Ramsey Daley's Medical Transportation, Inc. | Circuit Court of Cook County, Illinois, No. 2018-CH-01935 |
| Redd v. Amazon, Inc. | Northern District of Illinois, No. 2020-cv-06485 |
| Redd v. Amazon Web Services, Inc. | Circuit Court of Cook County, Illinois, No. 2022-CH-08721 |
| Robinson v. Taco Bell | Circuit Court of Cook County, Illinois, No. 2022-CH-04364 |
| Rogers v. Thorek Memorial Hospital | Circuit Court of Cook County, Illinois, No. 2021-CH-02304 |
| Sanchez v. Elite Labor Services | Circuit Court of Cook County, Illinois, No. 2018-CH-02651 |
| Sanchez v. Tide Cleaners | Circuit Court of Cook County, Illinois, No. 2020-CH-02640 |
| Seaton v. Atos Healthcare Services, LLC | Circuit Court of Cook County, Illinois, No. 2021-CH-00611 |
| Severinsen v. Menard, Inc. | Circuit Court of Peoria County, Illinois, No. 2022-CH-0000009 |
| Shird v. Snipes | Circuit Court of Cook County, Illinois, No. 2022-CH-05329 |
| Taitts v. Elior, Inc. | Circuit Court of Cook County, Illinois, No. 2020-CH-03664 |
| In Re: TikTok, Inc., Consumer Privacy Litigation | Northern District of Illinois, No. 2020-cv-04699 |
| Taitts v. Elior, Inc. | Circuit Court of Cook County, Illinois, No. 2020-CH-03664 |
| Thome v. Axis Insurance Company | Circuit Court of Cook County, Illinois, No. 2021-CH-03259 |
| Thornton v. Generations at Peoria, LLC | Circuit Court of Cook County, Illinois, No. 2021-CH-03481 |
| Tims v. Black Horse Carriers, Inc. | Circuit Court of Cook County, Illinois, No. 2019-CH-03522 |



# STEPHANZOURAS, LLP

100 N. Riverside , Suite 2150
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

## CASE

## COURT

| CASE | COURT |
|------|-------|
| Townsend v. The Estates of Hyde Park, LLC | Circuit Court of Cook County, Illinois, No. 2019-CH-11849 |
| Treadwell v. Power Solutions International, Inc. | Northern District of Illinois, No. 2018-cv-08212 |
| Trinidad  v. Bridgeview Advisors, LLC | Circuit Court of Cook County, Illinois, No. 2020-CH-06600 |
| Trio v. Turing Video, Inc. | Circuit Court of Cook County, Illinois, No. 2021-CH-03264 |
| Trottier v. Attendance Demand, Inc. | Circuit Court of Cook County, Illinois, No. 2019-CH-13230 |
| Valenzuela v. Reliable Staffing Services, Inc. | Circuit Court of Cook County, Illinois, No. 2020-CH-06632 |
| Walker v. Pet Supplies Plus | Circuit Court of Cook County, Illinois, No. 2021-CH-03851 |
| Walton v. Roosevelt University | Circuit Court of Cook County, Illinois, No. 2019-CH-04176 |
| Webster v. South Holland Home, LLC | Circuit Court of Cook County, Illinois, No. 2019-CH-12365 |
| Webster v. Triad Senior Living, Inc. | Circuit Court of Cook County, Illinois, No. 2019-CH-10787 |
| Webster v. Windsor Estates Nursing & Rehab Centre, LLC | Circuit Court of Cook County, Illinois, No. 2019-CH-11441 |
| Wheeler v. EMCO Chemical Distributors, Inc. | Circuit Court of Cook County, Illinois, No. 2021-CH-05597 |
| Wheeler v. Ridgeview Rehab & Nursing Center, LLC | Circuit Court of Cook County, Illinois, No. 2019-CH-14577 |
| Williams v. Wing Stop | Circuit Court of Cook County, Illinois, No. 2022-CH-00326 |
| Wilson v. Magna Exteriors Belvidere | Circuit Court of Boone County, Illinois, No. 2020-L-0039 |
| Young v. International Precision Components Corp. | Circuit Court of Lake County, Illinois, No. 2020-CH-00000521 |
| Young v. Taylor Farms Illinois, Inc. | Circuit Court of Cook County, Illinois, No. 2020-CH-05284 |

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 9

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

FILED
3/3/2023 2:20 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH02104
Calendar, 9
21719506

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| **TOM SORENSEN, individually, and** ) | |
| **on behalf of all others similarly situated,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 2023CH02104** |
| **v.** ) | |
| ) | |
| **BLEACHER REPORT, INC.** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND REQUEST FOR DISCOVERY ON CERTIFICATION ISSUES

Plaintiff Tom Sorensen ("Plaintiff") alleges that Defendant Bleacher Report, Inc. ("Bleacher Report" or "Defendant") systematically violated the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"). Plaintiff's claims arise from Defendant's practice of knowingly disclosing to a third party, Meta Platforms, Inc. ("Facebook"), data containing Plaintiff's and other digital-subscribers Class Members' (i) personally identifiable information or Facebook ID ("FID") and (ii) the computer file containing video and its corresponding URL viewed ("Video Media") (collectively, "Personal Viewing Information"). Plaintiff alleges that Defendant knowingly caused the Personal Viewing Information of Plaintiff and Class members to be disclosed to Facebook when Plaintiff and Class members viewed prerecorded video media on www.BleacherReport.com in violation of the VPPA because Defendant did so without obtaining express consent in a standalone consent form. Because Defendant programmed www.BleacherReport.com, to act the same for each of the thousands of people who subscribed to www.BleacherReport.com and associated newsletters, the injuries suffered by Plaintiff and the putative Class as a result of Defendant's conduct are identical. That is, all putative Class members had their Personally

1

FILED DATE: 3/3/2023 2:20 PM    2023CH02104

Identifiable Information—such as their FID and the titles of the video clips they viewed—transmitted to a third party without their consent, thus entitling all Class members to a nearly identical calculation of actual and statutory damages under the VPPA.

For these reasons, Plaintiff seeks to certify a class consisting of thousands of similarly-situated individuals with a digital subscription to Bleacher Report's online website or newsletters that had their Personal Viewing Information disclosed to Facebook without providing their informed written consent in violation of the VPPA. As Plaintiff's claims and the claims of similarly-situated individuals all arise from Defendant's uniform policies and practices, they satisfy the requirement of 735 ILCS § 5/2-801 and should be certified.

Plaintiff moves for class certification to protect members of the proposed class, individuals whose proprietary and legally protected personal data was invaded by Defendant. Plaintiff believes that the evidence and argumentation submitted within this motion are sufficient to allow the class to be certified now. However, in the event the Court (or Defendant) wishes for the parties to undertake formal discovery prior to the Court's consideration of this motion, Plaintiff requests that the Court allow him to supplement this briefing and defer the response and reply deadlines.

## I.  **RELEVANT BACKGROUND**

### A.  **Factual Allegations**

Plaintiff filed his Class Action Complaint in this Court on March 2, 2023, alleging claims on behalf of himself and a class of individuals seeking relief from Defendant's violations of the VPPA. Defendant owns and operates www.BleacherReport.com, geared towards providing articles, podcasts, and video content to users, on sport and sports culture. *See* Comp. ¶ 14. It also offers a mobile application ("App") available for download on Android and iPhone devices. *Id.* In order to post any "User Content" or access certain features on Bleacher Report's website or App,

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

users of the website or App must register for an account with Bleacher Report. *Id.* ¶ 15. Bleacher Report also offers subscriptions to several online newsletters. *Id*. ¶ 17. On information and belief, all subscribers provide Defendant with their IP address, which is a unique number assigned to all information technology connected devices, that informs Defendant as to subscribers' city, zip code and physical location. *Id.* ¶ 18.

Like other businesses with an online presence, Defendant collects and shares the personal information of visitors to its website and App with third parties. Defendant does this through cookies, software development kits ("SDK"), and pixels. *Id.* ¶ 3. In other words, digital subscribers to Bleacher Report have their personal information disclosed to Defendant's third-party business partners. *Id.* Bleacher Report collects and shares subscribers' personal information using a "Facebook Pixel." *Id.* ¶ 4. A Facebook Pixel is a snippet of programming code that, once installed on a webpage or App, tracks users as they navigate through a website or App and sends information regarding the user's activity to Facebook. *Id.* In this case, the information shared with Facebook includes the title of the prerecorded video the subscriber watched, and most notably, the subscribers' FID. *Id.* ¶ 5. A user's FID is linked to their Facebook profile, which generally contains a wide range of demographic and other information about the user, including pictures, personal interest, work history, relationship status, and other details. *Id.*

Importantly, Bleacher Report discloses the subscriber's FID and viewed prerecorded Video Media to Facebook together in a single transmission. *Id.* ¶ 6. This occurs even when the digital subscriber has not shared (nor consented to share) such information. *Id.* Because the subscriber's FID uniquely identifies an individual's Facebook user account, Facebook—or any other ordinary person—can use it to quickly and easily locate, access, and view subscriber's Facebook profile. *Id.* In other words, the Facebook Pixel allows Facebook to know what Video Media one of its users

3

has viewed on Bleacher Report's digital platforms. *Id.* Bleacher Report subscribers do not consent to the dissemination of their viewed Video Media to a third party through a standalone consent form, as required by the VPPA. *Id.* ¶ 7. As a result, Bleacher Report violates the VPPA by disclosing this information to Facebook. *Id.*

Plaintiff Tom Sorensen has been subscribed to a Bleacher Report account since 2015 and has been subscribed to several Bleacher Report online newsletters since at least October 2022. *Id.* ¶ 42-43. Plaintiff has had a Facebook account since approximately May of 2011. *Id.* ¶ 44. From at least 2015 to the present, Plaintiff viewed prerecorded Video Media via Bleacher Report's website. *Id.* Plaintiff never consented, agreed, authorized, or otherwise permitted Defendant to disclose his Personal Viewing Information to Facebook. *Id.* ¶ 45. Plaintiff has never been provided written notice that Defendant discloses its digital subscribers' Personal Viewing Information, or any means of opting out of such disclosures of his Personal Viewing Information. *Id.* Defendant nonetheless knowingly disclosed Plaintiff's Personal Viewing Information to Facebook. *Id.*

When opening an Bleacher Report account or subscribing to a newsletter, Defendant does not disclose to its subscribers that it will share their Personal Viewing Information with third parties, such as Facebook. *Id.* ¶ 20. Subscribers are also not asked to consent to such information sharing upon opening an account. *Id.* Notably, once a subscriber signs in and watches prerecorded Bleacher Report Video Media, the subscriber is not provided with any notification that their Personal Viewing Information is being shared. *Id.* ¶ 22. Similarly, Defendant also fails to obtain subscribers' written consent to collect their Personal Viewing Information "in a form distinct and separate from any form setting forth other legal or financial obligations of the consumer," as the VPPA requires. 18 U.S.C. § 2710. *Id.*

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

Accordingly, Defendant's practices violated the VPPA. As a result of Defendant's data compiling and sharing practices, Defendant has knowingly disclosed to Facebook for its own personal profit the Personal Viewing Information of Defendant's digital subscribers, together with additional sensitive personal information. Accordingly, Plaintiff and all other similarly-situated individuals suffered an invasion of privacy regarding their Personal Viewing Information and other statutory damages.

Plaintiff now seeks class certification for the following similarly-situated individuals, defined as:

> All persons in the United States with a digital subscription to an online website or newsletter owned and/or operated by Defendant that had their Personal Viewing Information disclosed to Facebook by Defendant.

Given Defendant's standard practices defined above, and the straightforward and common legal questions presented in this case, Plaintiff now moves for class certification. Notably, this motion is being filed shortly after the Complaint was filed and before Defendant has responded. The parties have not discussed settlement, neither settlement offers nor demands have been made, and a scheduling order has not been issued. For the reasons discussed herein, Plaintiff's request should be granted.

## II.  STANDARD FOR CLASS CERTIFICATION

"The basic purpose of a class action is the efficiency and economy of litigation." *CE Design Ltd. v. C & T Pizza, Inc.*, 2015 IL App (1st) 131465, ¶ 9 (citing *Miner v. Gillette Co.*, 87 Ill.2d 7, 14 (1981)). "In determining whether to certify a proposed class, the trial court accepts the allegations of the complaint as true and should err in favor of maintaining class certification." *CE Design Ltd.*, 2015 IL App (1st) 131465, ¶ 9 (citing *Ramirez v. Midway Moving & Storage, Inc.*,

378 Ill. App. 3d 51, 53 (1st Dist. 2007)). Under Section 2-801 of the Code of Civil Procedure, a class may be certified if the following four requirements are met:

(1)    the class is so numerous that a joinder of all members is impracticable;

(2)    there are questions of fact or law common to the class that predominate over any questions affecting only individual members;

(3)    the representative parties will fairly and adequately protect the interest of the class; and

(4)    the class action is an appropriate method for the fair and efficient adjudication of the controversy.

*See Smith v. Illinois Cent. R.R. Co.*, 223 Ill.2d 441, 447 (2006) (citing 735 ILCS § 5/2-801). Notably, "[a] trial court has broad discretion in determining whether a proposed class meets the requirements for class certification." *CE Design Ltd.*, 2015 IL App (1st) 131465, ¶ 9 (citing *Ramirez*, 378 Ill. App. 3d at 53). Here, the allegations and facts in this case amply demonstrate that the certification factors are met.

### III.    <u>ARGUMENT</u>

Plaintiff's claims here are especially suited for class certification because Defendant treated individuals identically for the purposes of applying the VPPA. All of the putative class members in this case were uniformly subjected to the same illegal and unlawful conduct by Defendant in that Defendant caused Personal Viewing Information to be disclosed to Facebook without obtaining express written consent. Plaintiff meets each of the statutory requirements for maintenance of this suit as a class action. Thus, the class action device is ideally suited and is far superior to burdening the Court with many individual lawsuits to address the same issues, undertake the same discovery, and rely on the same testimony.

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

### A.      The Class Is So Numerous That Joinder of All Members Is Impracticable.

Numerosity is not dependent on a plaintiff setting forth a precise number of class members or a listing of their names. *See Cruz v. Unilock Chicago*, 383 Ill. App. 3d 752, 771 (2d Dist. 2008) ("Of course, plaintiffs need not demonstrate a precise figure for the class size, because a good-faith, non-speculative estimate will suffice; rather, plaintiffs need demonstrate only that the class is sufficiently numerous to make joinder of all of the members impracticable.") (internal citations omitted); *Hayna v. Arby's, Inc.*, 99 Ill. App. 3d 700, 710-11 (1st Dist. 1981) ("It is not necessary that the class representative name the specific individuals who are possibly members of the class."). Courts in Illinois generally find numerosity when the class is comprised of at least 40 members. *See Wood River Area Dev. Corp. v. Germania Fed. Sav. Loan Ass'n*, 198 Ill. App. 3d 445, 450 (5th Dist. 1990).

In the present case, there can be no serious dispute that Plaintiff meets the numerosity requirement. The class of potential plaintiffs is sufficiently large to make joinder impracticable.[1] Plaintiff and all other similarly-situated individuals were subjected to Defendant's common and uniform policies and practices that violated Defendant's subscribers' statutorily protected privacy rights by releasing their sensitive data to Facebook in direct violation of the VPPA. As a result of Defendant's violations of the Act, Plaintiff and all other similarly-situated individuals suffered an infringement of the rights afforded them under the law. The precise number in the class cannot be determined until discovery records are obtained from Defendant. Nevertheless, class membership can be easily determined by reviewing Defendant's and non-party Facebook's records. A review of Defendant's and Facebook's files regarding the transmission and dissemination of Defendant's

---

[1] The total number of putative class members exceeds fifty (50) individuals. Plaintiff believes that there are hundreds of thousands of members of the Class widely dispersed throughout the United States. The exact number of class members can easily be determined from Defendant's records. ¶¶ 8, 50.

7

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

subscriber's Personal Viewing Information performed during the class period is all that is needed to determine membership in Plaintiff's proposed class. *See e.g., Chultem v. Ticor Title Ins. Co.*, 401 Ill. App. 3d 226, 233 (1st Dist. 2010) (reversing Circuit Court's denial of class certification and holding that class was certifiable over defendant's objection that "the proposed class was not ascertainable, because the process of reviewing defendant's transaction files to determine class membership would be burdensome"); *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 539-40 (6th Cir. 2012)[2] (rejecting the argument that manual review of files should defeat certification, agreeing with district court's reasoning that, if manual review was a bar, "defendants against whom claims of wrongful conduct have been made could escape class-wide review due solely to the size of their businesses or the manner in which their business records were maintained," and citing numerous courts that are in agreement, including *Perez v. First Am. Title Ins. Co.*, 2009 WL 2486003, at *7 (D. Ariz. Aug. 12, 2009) ("Even if it takes a substantial amount of time to review files and determine who is eligible for the [denied] discount, that work can be done through discovery")). Once Defendant's records are obtained, the Court will know the precise number of persons affected. Accordingly, the proposed Class satisfies the numerosity requirement.

### B.   Common Questions Of Law And Fact Exist That Predominate Over Any Questions Solely Affecting Individual Members Of The Class.

Courts analyze commonality and predominance under Section 2-801 by identifying the substantive issues that will control the outcome of the case. *See Bemis v. Safeco Ins. Co. of Am.*, 407 Ill. App. 3d 1164, 1167 (5th Dist. 2011); *Cruz*, 383 Ill. App. 3d at 773. The question then becomes whether those issues will predominate and whether they are common to the class,

---

[2] "Section 2-801 is patterned after Rule 23 of the Federal Rules of Civil Procedure and, because of this close relationship between the state and federal provision, 'federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois.'" *Cruz*, 383 Ill. App. 3d at 761 (quoting *Avery v. State Farm Mutual Automobile Insurance Co.*, 216 Ill.2d 100, 125 (2005)).

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

meaning that "favorable adjudication of the claims of the named plaintiffs will establish a right of recovery in other class members." *Cruz*, 383 Ill. App. 3d at 773. As stated by the Court of Appeals, the question is will "common … issues be the subject of the majority of the efforts of the litigants and the court[?]" *Bemis*, 407 Ill. App. 3d at 1168. The answer here is "yes."

At the heart of this litigation is Defendant's culpable conduct under the VPPA. The issues are simple and straightforward legal questions that plainly lend themselves to class-wide resolution. Notwithstanding the clear and unequivocal requirements of the law, Defendant disregarded Plaintiff's and other similarly-situated individuals' statutorily-protected privacy rights under the VPPA. The claims of Plaintiff and the Class in this case are based upon the same common violations: they each subscribed to Bleacher Report, watched video clips, and had their Personal Viewing Information sent to Facebook by Defendant, despite the fact that they never consented, agreed, authorized, or otherwise permitted Defendant to disclose such information. Bleacher Report sent Plaintiff's and Class member's Personal Viewing Information to the same third party (Facebook) in the exact same way (through the Facebook Pixel Defendant installed on its website), affecting Plaintiff and the Class members in a virtually identical manner (*i.e.* disclosing their viewing history and Facebook ID without their consent). These common practices create common issues of law and fact. In fact, the legality of Defendant's dissemination of Plaintiff's and the putative class's Personal Viewing Information is the focus of this litigation.

Indeed, once this Court determines whether Defendant's practice of disseminating individuals' Personal Viewing Information without adhering to the specific requirements of the VPPA constitutes violations thereof, liability for the claims of class members will be determined in one stroke. The material facts and issues of law are substantially the same for the members of the class, and therefore these common issues could be tried such that proof as to one claimant

could be proof as to all members of the class. This alone establishes predominance. The only remaining questions will be the proper measure of damages and injunctive relief, which in and of themselves are questions common to the class. Accordingly, a favorable adjudication of the Plaintiff's claims in this case will establish a right of recovery to all other class members, and thus the commonality and predominance requirements weigh in favor of certification of the class.

### C.   The Named Plaintiff And Class Counsel Are Adequate Representatives Of The Class.

When evaluating adequacy, courts look to whether the named plaintiff has the same interests as those of the class and whether he or she will fairly represent them. *See CE Design Ltd.*, 2015 IL App (1st) 131465, ¶ 16. In this case, Plaintiff's interest arises from statute. The class representative, Tom Sorensen, is a member of the proposed class and will fairly and adequately protect the class's interests. Plaintiff subscribed to Bleacher Report and had his Personal Viewing Information disclosed to Facebook as a result of Defendant's uniform course of unlawful conduct. Plaintiff has never been provided written notice that Defendant discloses its digital subscribers' Personal Viewing Information, or any means of opting out of such disclosures of his Personal Viewing Information, as required by the VPPA.

Thus, Plaintiff was a victim of the same uniform policies and practices of Defendant as the individuals he seeks to represent and is not seeking any relief that is potentially antagonistic to other members of the class. What is more, Plaintiff has the interests of those class members in mind, as demonstrated by his willingness to sue on a class-wide basis and step forward as the class representative, which subjects him to discovery. (*See* <u>Exhibit A</u> – Affidavit of Tom Sorensen.) This qualifies him as a conscientious representative plaintiff and satisfies the adequacy of representation requirement.

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

FILED DATE: 3/3/2023 2:20 PM    2023CH02104

Proposed Class Counsel, Stephan Zouras, LLP will also fairly and adequately represent the class. Proposed Class Counsel are highly qualified and experienced attorneys. (*See* <u>Exhibit B</u> – Affidavit of Ryan Stephan and the Firm Resume attached thereto as Exhibit B-1). Stephan Zouras, LLP are recognized attorneys in class action lawsuits and have been designated as class counsel in numerous class actions in state and federal courts, including pioneering efforts on behalf of classes of individuals whose rights under BIPA were violated. (*Id.*). Thus, proposed Class Counsel, too, are adequate and have the ability and resources to manage this lawsuit.

> ### D.   <u>A Class Action Is The Appropriate Method For Fair And Efficient Adjudication Of This Controversy.</u>

Finally, a class action is the most appropriate method for the fair and efficient adjudication of this controversy, rather than bringing individual suits which could result in inconsistent determinations and unjust results. "It is proper to allow a class action where a defendant is alleged to have acted wrongfully in the same basic manner toward an entire class." *P.J.'s Concrete Pumping Serv., Inc. v. Nextel West Corp.*, 345 Ill. App. 3d 992, 1003 (2d Dist. 2004). "The purported class representative must establish that a successful adjudication of its individual claims will establish a right of recovery or resolve a central issue on behalf of the class members." *Id.*

Here, Plaintiff's claims stem from Defendant's common and uniform policies and practices, resulting in common violations of the VPPA for all members of the class. Thus, class certification will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. *Wenthold v. AT&T Technologies, Inc.*, 142 Ill. App. 3d 612 (1st Dist. 1986). Without a class, the Court would have to hear dozens of additional individual cases raising identical questions of liability. Moreover, class members are better served by pooling resources rather than attempting to litigate individually. *CE Design Ltd.*, 2015 IL App (1st) 131465, ¶¶ 28-30 (certifying TCPA class where statutory damages were alleged and rejecting

arguments that individual lawsuits would be superior). In the interests of justice and judicial efficiency, it is desirable to concentrate the litigation of all class members' claims in a single forum. For all of these reasons, the class action is the most appropriate mechanism to adjudicate the claims in this case.

      E.      **In The Event The Court Or Defendant Seek More Factual Information Regarding This Motion, The Court Should Allow Supplemental And Deferred Briefing Following Discovery.**

There is no meaningful need for discovery for the Court to certify a class in this matter; Defendant's practices and policies are uniform. If, however, the Court wishes for the Parties to engage in discovery, the Court should keep the instant motion pending during the discovery period, allow Plaintiff a supplemental brief, and defer Defendant's response and Plaintiff's reply. Plaintiff is moving as early as possible for class certification in part to avoid the "buy-off problem," which occurs when a defendant seeks to settle with a class representative on individual terms in an effort to moot the class claims asserted by the class representative. Plaintiff is also moving for class certification now because the class should be certified, and because no meaningful discovery is necessary to establish that fact. The instant motion is far more than a placeholder or barebones memorandum. Rather, Plaintiff's full arguments are set forth based on the facts alleged at this extremely early stage of litigation. Should the Court wish for more detailed factual information, the briefing schedule should be extended.

## IV.    **CONCLUSION**

For the reasons stated above, Plaintiff respectfully requests that the Court enter an Order: (1) certifying Plaintiff's claims as a class action; (2) appointing Plaintiff Tom Sorensen as Class Representative; (3) appointing Stephan Zouras, LLP as Class Counsel; and (4) authorizing court-

FILED DATE: 3/3/2023 2:20 PM 2023CH02104

FILED DATE: 3/3/2023 2:20 PM   2023CH02104

facilitated notice of this class action to the class. In the alternative, this Court should allow discovery, allow Plaintiff to supplement this briefing, and defer response and reply briefs.

Date: March 3, 2023                      Respectfully Submitted,

*/s/ Ryan F. Stephan*
Ryan F. Stephan
James B. Zouras
Catherine Mitchell
**STEPHAN ZOURAS, LLP**
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
cmitchell@stephanzouras.com

Brandon M. Wise – IL Bar #6319580
Adam Florek – IL Bar # 6320615
**PEIFFER WOLF CARR**
**KANE CONWAY & WISE, LLP**
73 W. Monroe, 5th Floor
Chicago, IL 60604
T: 312-444-0734
bwise@peifferwolf.com
aflorek@peifferwolf.com

**ATTORNEYS FOR PLAINTIFFS**

FILED DATE: 3/3/2023 2:20 PM    2023CH02104

## **CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on March 3, 2023, I filed the attached with the Clerk of

the Court using the electronic filing system which will send such filing to all attorneys of record.

*/s/ Ryan F. Stephan*

Hearing Date: 3/15/2023 9:00 AM 9:05 AM
Location: <<CourtRoomNumber>>
Judge: Calendar, 9

Case: 1:23-cv-02518 Document #: 1-1 Filed: 04/21/23 Page 80 of 85 PageID #:90

FILED
3/3/2023 2:26 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH02104
Calendar, 9
21720003

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

|  |  |  |
|---|---|---|
| TOM SORENSEN, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2023CH02104 |
| BLEACHER REPORT, INC. | ) ) | |
| Defendant. | ) | |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on _____or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Cecilia A. Horan, or any judge sitting in her stead, in the courtroom usually occupied by her at 50 W. Washington St., Chicago, IL, Room 2008 and present via Zoom **PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND REQUEST FOR DISCOVERY ON CERTIFICATION ISSUES.**

*/s/ Ryan F. Stephan*
Ryan F. Stephan
James B. Zouras
**STEPHAN ZOURAS, LLP**
100 N. Riverside Plaza
Suite 2150
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
Firm ID: 43734
jzouras@stephanzouras.com
rstephan@stephanzouras.com

## <u>CERTIFICATE OF SERVICE</u>

I, the attorney, hereby certify that on March 3, 2023, I filed the attached with the Clerk of

the Court using the electronic filing system which will send such filing to all attorneys of record.


*   /s/ Ryan F. Stephan*

FILED DATE: 3/3/2023 2:26 PM   2023CH02104

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 9

FILED
3/7/2023 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH02104
Calendar, 9
21742584

FILED DATE: 3/7/2023 12:00 AM   2023CH02104

| | | |
|---|---|---|
| **2120 - Served** | **2121 - Served** | **2620 - Sec. of State** |
| **2220 - Not Served** | **2221 - Not Served** | **2621 - Alias Sec of State** |
| **2320 - Served By Mail** | **2321 - Served By Mail** | |
| **2420 - Served By Publication** | **2421 - Served By Publication** | |

**Summons - Alias Summons**                                    **(12/01/20) CCG 0001 A**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

TOM SORENSEN

Case No.   2023CH02104

BLEACHER REPORT, INC.

Defendant(s) All

BLEACHER REPORT, INC.
REGISTERED AGENT: AMANDA GARCIA
330 N BRAND BLVD, GLENDALE, CA 91203

Address of Defendant(s)

Please serve as follows (check one):   ○ Certified Mail   ☒ Sheriff Service   ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE**. You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

**Summons - Alias Summons** **(12/01/20) CCG 0001 B**

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www. illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE:** **Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

**X** Atty. No.: 43734
○ Pro Se 99500

Name: Ryan F. Stephan

Atty. for (if applicable):

Tom Sorensen

Address: 100 N. Riverside Plaza, Suite 2150

City: Chicago

State: IL. Zip: 60606

Telephone: 312-233-1550

Primary Email: rstephan@stephanzouras.com

Witness date _____

3/7/2023 12:00 AM IRIS Y. MARTINEZ

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

FILED DATE: 3/7/2023 12:00 AM  2023CH02104

FILED DATE: 3/7/2023 12:00 AM   2023CH02104

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date.  Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:**  CivCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:**  CntyCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:**  DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:**  DVCourtDate@cookcountycourt.com
Gen. Info:    (312) 325-9500

### LAW DIVISION
**Court date EMAIL:**  LawCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:**  ProbCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:**  D2CourtDate@cookcountycourt.com
Gen. Info:    (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:**  D3CourtDate@cookcountycourt.com
Gen. Info:    (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:**  D4CourtDate@cookcountycourt.com
Gen. Info:    (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:**  D5CourtDate@cookcountycourt.com
Gen. Info:    (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:**  D6CourtDate@cookcountycourt.com
Gen. Info:    (708) 232-4551

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

TOM SORENSEN, individually, and )
on behalf of all others similarly situated, )
                               )
        Plaintiff, )
                               )     **Case No. 2023-CH-02104**
    v.                         )
                               )     **Hon. Cecilia A. Horan**
BLEACHER REPORT, INC., )
                               )
        Defendant. )
                               )

## ORDER

This matter coming to be heard for presentment of Plaintiff's Motion For Class Certification and Request For Discovery on Certification Issues, due notice given, and the Court being fully advised via Zoom conference, IT IS HEREBY ORDERED:

1.    Plaintiff's Motion For Class Certification and Request For Discovery on Certification Issues is entered and continued to **June 30th, 2023 at 9:30am (Zoom Meeting ID: 956 5899 1093, Password: 129359)**

                                            ENTER:

                                            /s/ *Cecilia A. Horan*      Judge No. 2186
                                            Meeting ID: 956 5899 1093
                                            Password: 129359
                                            Dial-in: 312-626-6799

Prepared by:
Michael J. Casas
**STEPHAN ZOURAS, LLP**
222 W. Adams St.
Suite 2020
Chicago, Illinois 60606
(312) 233-1550
(312) 233-1560 *f*
Firm ID: 43734
mcasas@stephanzouras.com

Judge Cecilia A. Horan
MAR 15 2023
Circuit Court - 2186